ANNA J. JONES, DEFENDANT, v. SAMUEL J. RUSHMORE, PROSECUTOR.

Submitted June 19, 1901—Decided November 11, 1901.

It is only when the minds of parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute that intent by acts tantamount to a stipulation to put an end thereto, that a surrender by act and operation of law arises.

On *certiorari* to First District Court of Jersey City.

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *J. Emil Walscheid.*

For the defendant, *Raymond P. Wortendyke.*

The opinion of the court was delivered by

GUMMERE, J.   The first ground upon which the prosecutor attacks this judgment is that the District Court act, in its present form, is unconstitutional, in that no method of review is provided by it; the Court of Errors and Appeals having declared in *Green* v. *Heritage,* 35 *Vroom* 567, that section 206 of the act which authorized an appeal from judgments of the District Court to the Circuit Court was unconstitutional.   This question has already been considered by this court in the case of *Stier* v. *Kosler,* 37 *Id.* 155, and the conclusion reached that the excision of the two hundred and sixth section does not lead to a nullification of the whole act. That decision must be accepted as settling the question in this court.

The judgment under review was rendered in an action brought by the defendant against the prosecutor to recover for rent due upon a written lease.   By a provision of that instrument the parties agreed that if the premises became vacant or deserted during the term, the landlord should be authorized to re-enter and relet the premises and apply the rent, first, to the payment of the expenses of re-entering and reletting, and then, to the payment of the rent due "by these presents."

The prosecutor, who was the tenant under the lease, having abandoned the premises, the landlord re-entered and relet them to a third party, and appropriated the moneys received from the reletting to the payment of the rent due under the lease; this suit is brought to recover the balance.   It is insisted on behalf of the prosecutor that his action in abandoning the premises, coupled with the subsequent act of the landlord, constituted a surrender by operation of law, terminated the lease, destroyed the relationship of landlord and tenant between the parties, and relieved the latter of any liability to make further payment of rent.

To constitute a surrender by operation of law there must

not only be an abandonment by the tenant, but an acceptance thereof by the landlord as a surrender. It is only when the minds of the parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute this intent by acts which are tantamount to a stipulation to put an end thereto, that a surrender by act and operation of law arises. *Meeker* v. *Spalsbury,* 37 *Vroom* 60.

The act of the landlord in re-entering was not an acceptance of the tenant's abandonment as a surrender. It was done in pursuance of the express provision of the lease authorizing such action on his part, and was tantamount to an express refusal on his part to release the tenant and terminate the lease.

The judgment below should be affirmed.