GEORGE W. CONDON, DEFENDANT IN CERTIORARI, v. WILLIAM R. ROYCE, PLAINTIFF IN CERTIORARI.

Argued February 19, 1902—Decided June 9, 1902.

1. Neither the requirement that demand for a jury shall be made at least one day before the time fixed for trial, nor the omission to prescribe that on such a demand by a defendant the venire shall issue without prepayment of fees by him, nor the omission to prescribe that the jurors shall be resident of the county in which the court is held, renders section 149 of the District Court act (*Pamph. L.* 1898, *p.* 556) unconstitutional. That act will be construed with reference to constitutional and statutory requirements, as to trial by jury, that are in *pari materia* therewith.
2. Under said District Court act, when a defendant demands a trial by jury, the fees for the venire must be prepaid by the plaintiff.

---

On *certiorari* to the First District Court of Newark.

Before Justices DIXON and COLLINS.

For the plaintiff in *certiorari, Frank E. Bradner.*

For the defendant in *certiorari, Michael J. Tansey.*

The opinion of the court was delivered by

COLLINS, J. The plaintiff in *certiorari* attacks a judgment for one hundred and eighty-five dollars ($185) and costs, recovered against him as defendant in an action in the First District Court of the city of Newark, tried without a jury. He did not demand a jury trial, but filed a written protest objecting to the jurisdiction of the court to hear and determine the cause without a jury. The point of objection as presented in the protest is that section 149 of the District Court act of 1898 (*Pamph. L., p.* 556) is unconstitutional, as to actions in which more than $100 is demanded, in that, while providing that either party to an action in a District Court may demand a trial by jury, it requires such demand to be made at least one day before the time fixed for the trial or be deemed to be waived; in that, inferentially, it requires, on demand by the defendant of a jury trial, prepayment of the fee prescribed on the issuing of a *venire facias* by section 214 of the act, and in that it fails to direct that the jurors shall be residents of the county in which the court is held.

It is conceded that prior to the constitutional amendment of 1875, forbidding special laws for "selecting, drawing, summoning or impaneling grand or petit jurors," it was not unconstitutional to require prepayment of fees by the party demanding a jury trial in a District Court. The jurisdiction of such courts was then limited to $100, and it is argued not only, as in *Joy & Seliger Co.* v. *Blum,* 26 *Vroom* 518, that, as before that amendment suits involving more than $100 must have been instituted in some court where, without payment of fees, a jury would have been afforded, an increase of the jurisdiction of a court where prepayment of fees is required is void, but also, it is argued, that in such suits the requirement of a specific demand for a jury trial is unconstitutional; *a fortiori* when a time is set within which the demand must be made.

A law affecting all District Courts would seem to be not special, but general, and therefore the objection must rest, if anywhere, on the ground that such regulations impair the

right of trial by jury guaranteed by the constitution itself. That fundamental law does not preclude due regulation of the right. All that its mandate requires is a trial by twelve men, impartially selected, who shall unanimously concur in a verdict. *Brown* v. *State,* 33 *Vroom* 666. It would not be an unreasonable regulation of trial by jury, in any court, that it should be afforded only on demand. Such a regulation is peculiarly appropriate in a court where the *venire* is special. Failure to make the demand is a waiver of the right. Parties may waive their merely private rights, whether constitutional or not, at their pleasure. *Wanser* v. *Atkinson,* 14 *Id.* 571, 574; *Joy & Seliger Co.* v. *Blum, ubi supra.* Nor is it unconstitutional to prescribe a reasonable limit of time before trial within which the demand must be made. The statute now challenged is very liberal in that regard and secures against accident or mistake by permitting the judge to order a *venire* notwithstanding failure to make the demand within the prescribed time.

If it were the fact that the prepayment of fees by a defendant is made a prerequisite to a jury trial on his demand, there would be more difficulty, although even that does not seem to me to be an unreasonable regulation. The point was passed without decision in *Joy & Seliger Co.* v. *Blum, ubi supra,* where the statute was explicit in so requiring, because the defendant went to trial without objection. In the case in hand there was objection, and if a demand by the defendant for a jury trial, without prepayment of fees, would have been ineffectual, the point would be squarely before the court. But our construction of section 149 of the District Court act is that prepayment of fees by a defendant when he demands a jury trial is not requisite. Section 219 of the act does indeed provide that no constable, clerk or other officer shall be required to serve any process or perform any services under any provision of the act until his legal fees for so doing shall have been paid; but it by no means follows that this provision exacts from the *defendant* prepayment of fees for a jury trial, if he demands one. In such a case the defendant occupies a

very different position from the plaintiff.  In suits involving more than $100 a plaintiff is not compelled to invoke the juris-diction of a District Court.  He has the option of other courts, where juries are afforded at the public expense.  The defend-ant cannot avoid the jurisdiction.  The plaintiff, therefore, must bear the burden of bringing the cause to trial.  *Clayton* v. *Clark,* 26 *Vroom* 539; *Raphael* v. *Lane,* 27 *Id.* 108.

The fair inference to be gathered from the District Court act of 1898, revised as it was after the decisions cited, is that when a defendant demands a jury trial the plaintiff must prepay the statutory fees or suffer judgment of *non pros.* Whether on recovery against the defendant such fees are tax-able as part of the costs in the cause is not before us, no ques-tion being raised in that regard.

To the objection that section 149 does not, in terms, pre-scribe that jurors in the District Courts shall be residents of the county in which the court summoning them is held, it is sufficient to say that there is nothing in the section inconsist-ent with such a requirement.  The District Court act must be construed with reference to constitutional and statutory pro-visions in *pari materia* therewith.  There is no constitutional requirement of residence of jurors.  Foreign juries, selected outside the county where a trial is had, have always been recognized as within the constitution.  "An act concerning juries" does provide that every petit juror returned for the trial of *any* action or suit shall be resident within the county within which he shall be taken.  *Gen. Stat., p.* 1853, *pl.* 47.

This disposes of the first seven reasons assigned for reversal of the judgment before us.

The eighth reason is that the District Court judge admitted illegal evidence on the part of the plaintiff.  Neither the re-turn nor the certificate of the judge, made in obedience to a rule of this court, discloses any such admission.  The claim was for labor and materials and it is argued that the plaint-iff's book of account was not legal evidence in respect to cer-tain items charged against the defendant.  The book of ac-count was evidential and could not be excluded.  If it failed

to make *prima facie* proof of the challenged items, the objection does not fall within the reason assigned. We think, however, that as to all the items it afforded such proof.

The ninth reason assigned is that there was no legal evidence or proof of the plaintiff's state of demand, in so far as he claimed compensation for the labor of his employes. The account in the plaintiff's book did not always designate the name of the workman or discriminate between the plaintiff's own labor and that of his workmen. It did show day and date and number of hours of labor. The parties disputed as to whether a price per hour had been agreed upon and the judge determined that the price charged was reasonable.

: The last is the general reason, available only for some defect apparent on the face of the return. We find none and none is suggested, and the judgment will be affirmed, with costs.