FLETCHER HUMPHREY, APPELLEE, v. CHARLES W. EAKE-
LEY, APPELLANT.

Submitted March 23, 1905—Decided June 12, 1905.

The amendment to the District Court act approved April 8th, 1903
(*Pamph. L., p.* 505), which provides that unless the party de-
manding a trial by jury shall pay the costs of the *venire* his
demand shall be deemed to be waived, is constitutional.

On appeal from District Court.

Before Justices DIXON, GARRISON and SWAYZE.

For the appellant, *Alexander Grant* and *James B. McKee.*

For the appellee, *Joel Barnert.*

The opinion of the court was delivered by

GARRISON, J.   This appeal brings up a judgment rendered.
in favor of the appellee in an action on contract tried before
the District Court without a jury.   The state of the case for
appeal shows that on the return day of the summons, and
again on the day set for trial, the appellant demanded a trial
by jury without being required to advance the cost of the
*venire,* which was denied by the District Court, and consti-
tutes the sole ground now urged for the reversal of its judg-
ment.   The statutory regulation affecting this subject is con-
tained in an amendment to the District Court act, approved
April 8th, 1903 (*Pamph. L., p.* 505), which provides that
unless the party demanding a trial by jury "shall at the time
of making such demand pay the cost of the *venire,* the de-
mand for trial by jury shall be deemed to be waived."   The
question to be decided, therefore, is the constitutionality of
this legislative regulation, the constitutional provision upon
the subject being that "the right of trial by jury shall remain
inviolate" (article 1, section 7).

When the case of *Clayton* v. *Clark,* 26 *Vroom* 539, was before this court, the amendment to the District Court act above cited had not been passed; we therefore declined to express any opinion upon the question that is now for the first time presented for decision. The opinion delivered in that case, however, speaking of this constitutional provision, said: "The language of that instrument with respect to this mode of trial is that it shall remain inviolate, not that it shall be unalterable; so that the limits of legislative action are not so circumscribed as to preclude the exercise of some power over the jurisdiction and procedure of inferior courts, although the existence of even such a power was doubted by Mr. Justice Elmer, in *State* v. *Ziegler,* 3 *Vroom* 262. Legislative action of this kind has received judicial sanction in many of the courts of this country [citing authorities]. The narrower question, viz., whether the legislature may constitutionally require that the party demanding the jury shall advance the expenses of the *venire,* has likewise been affirmed in several jurisdictions [citing a number of cases]."

Upon a re-examination of the cases thus cited, to which should be added *Edwards* v. *Elliott,* 7 *Vroom* 449, and the cases cited in the notes to 17 *Am. & Eng. Encycl. L.* 1107, we are satisfied that the weight of authority and reason sustains the right of the legislature to provide, in the first instance, for the payment of jurors and the expenses of a *venire,* and that the incidental, and possibly temporary, burden so cast upon a litigant is not an infringement of his constitutional right of trial by jury. Many of our unchallenged modes of procedure, as was pointed out by Mr. Justice Scudder, in *Edwards* v. *Elliott, vide supra,* have this same incidental effect, to which may be added the seventy-fourth rule of this court, which directs the clerk to forbear to enter any paper until the attorney of the party shall have paid all fees due to the said clerk.

The difference between the incidental effect of a general rule of practice and a legislative invasion of the right of trial by jury marks a valid distinction based upon the language

of the constitution itself; for, without laying too much stress upon verbal definition, it must not be overlooked that the essential meaning of "inviolate" is freedom from hurt, harm, defilement, profanation or such other idea connoting partial destruction or substantial impairment, and that it in no sense imports immunity from all regulation.

Our conclusion is that the amendment to the District Court act of April 8th, 1903, is constitutional, and that the judgment brought up by this appeal should be affirmed.