HOME COUPON EXCHANGE COMPANY, PLAINTIFF AND APPELLEE, v. SAMUEL GOLDFARB, DEFENDANT AND APPELLANT.

Submitted March 18, 1909—Decided October 15, 1909.

1. By section 4 of the act of June 2d, 1905 (*Pamph. L.*, *p.* 494), a judge of the District Court is empowered to try causes without a jury and give judgment, unless a jury be demanded at least one day before the return day of the summons.
2. It is only when the minds of parties to a lease concur in the common intent of relinquishing the relation of landlord and tenant, and execute that intent by acts tantamount to a stipulation to put an end thereto, that a surrender by act and operation of law arises.
3. Facts found by the District Court will be presumed to rest on competent proof when nothing appears to the contrary.

On appeal from the First District Court of the city of Newark.

Before Justices REED, TRENCHARD and MINTURN.

For the appellant, *Michael J. Tansey.*

For the appellee, *Frederick Jay* and *William C. Headley.*

The opinion of the court was delivered by

TRENCHARD, J.   Samuel Goldfarb, the defendant below, became surety for the payment "of the rent for two months," reserved by a lease made by the plaintiff to one Margulies for a store building in Newark.   He also became surety for "the performance of any covenant therein contained" upon the part of the tenant.

This suit was brought in the First District Court of the city of Newark to recover the balance of two months' rent alleged to be due, and the judge, sitting without a jury, rendered judgment for the plaintiff.

The defendant alleges as his first reason for reversal that the judge heard the case without a jury, against the objection of the defendant.

The right of the judge so to do depended upon whether a jury had been demanded "at least one day before the return day of the summons." *Pamph. L.* 1905, *p.* 494, § 4. An examination of the state of the case fails to disclose that any such demand was seasonably made.

The second reason urged for reversal is that recovery was precluded by an alleged acceptance by the landlord of the tenant's surrender of the term.

By the statute of frauds such a surrender must be in writing unless arising by act and operation of law. *Gen. Stat., p.* 1602, § 2. There was no writing which in terms purported to be a surrender, but it is insisted that there was one by act and operation of law. There arises such a surrender only when the minds of the parties to the lease concur in a common intent of relinquishing the relation of landlord and tenant, and execute that intent by acts tantamount to a stipulation to put an end thereto. *Jones* v. *Rushmore,* 38 *Vroom* 157; *Meeker* v. *Spalsbury,* 37 *Id.* 60.

It is contended that such intent is conclusively shown by the entry of the landlord for the distress of goods for rent for a month of the term prior to that for which this suit is brought, and his subsequent receipt of that rent. But certainly that was not necessarily inconsistent with continuance of the relation of landlord and tenant. Moreover, the trial judge found as a fact that there was no surrender of the term. It is true that the evidence taken is not set out in the state of the case, but the rule is that facts found by the District Court will be presumed to rest on competent proof, when nothing appears to the contrary.

The result is that the judgment of the District Court will be affirmed.