DOROTHEA HAYTHORN (WHO SUES BY CHARLES A. HAY-THORN, HER NEXT FRIEND), PLAINTIFF AND APPEL-LEE, v. VAN KEUREN & SON, A CORPORATION, DE-FENDANT AND APPELLANT.

. Submitted July 2, 1909—Decided November 22, 1909.

1. Section 4 of the supplement to the District Court act, approved June 2d, 1905 (*Pamph. L.*, *p.* 494), which provides that in any proceeding had by virtue of the District Court act (*Pamph. L.* 1898, *p.* 556) the court shall, unless a jury be demanded by either party at least one day before the return day of the summons, try the issue and give judgment thereon in like manner as in case of a verdict by a jury, is constitutional.

2. Under section 4 of the supplement to the District Court act, approved June 2d, 1905 (*Pamph. L.*, *p.* 494), a party in any proceeding had by virtue of the District Court act (*Pamph. L.* 1898, *p.* 556) is entitled to have the issue tried by the court without a jury, unless one of the parties thereto has demanded a trial by jury at least one day before the return day of the summons. If no jury has been so demanded and a party, before any of the jurors are selected or sworn, objects to proceeding to trial before a jury, a judgment entered upon the verdict of a jury, sworn in the cause notwithstanding the objection, will be reversed.

On appeal from the Second District Court of the city of Newark.

Before Justices SWAYZE, TRENCHARD and MINTURN.

For the appellant, *Edward M. Colie.*

For the appellee, *Samuel Press* and *Harry Kalisch.*

The opinion of the court was delivered by

TRENCHARD, J. This cause was tried in the Second District Court of the city of Newark before the court and a jury. A verdict was rendered in favor of the plaintiff and the judgment appealed from by the defendant was entered thereon.

At the trial counsel who appeared for the defendant, before any of the jurors were selected or sworn, objected to proceeding to trial before a jury and moved that the cause be tried before the court without a jury, basing his objection and motion on the ground that the plaintiff had not demanded a trial by jury until after the return day of the summons. The attention of the trial judge was directed by defendant's counsel to section 4 of the supplement to the District Court act approved June 2d, 1905 (*Pamph. L., p.* 494), which reads as follows:

"In any proceedings had by virtue of the act to which this is a supplement, the court shall, unless a jury be demanded by either party, at least one day before the return day of the summons, try the issue and give judgment thereon in like manner as in case of a verdict of a jury."

The learned trial judge overruled defendant's offer to prove the failure of the plaintiff to demand his jury trial before the return day of the process, and overruled the defendant's objection and denied his motion for a trial before the court without a jury. These alleged errors of the judge of the District Court are specified as reasons for reversal.

Section 4 of the act of 1905 was under review in this court in *Home Coupon Exchange Co.* v. *Goldfarb,* 49 *Vroom* 146, and it was there held that the judge of the District Court is empowered to try causes without a jury and give judgment unless a jury be demanded at least one day before the return day of the summons. In that case, however, the constitutionality of the act was not raised nor considered.

In the present case, therefore, the defendant's objection, having been taken in due season, we conceive that if the language of the statute is mandatory and the statute is one within the power of the legislature to enact, not infringing any constitutional requirement, the District Court judge erred in denying the defendant's offer to prove the plaintiff's failure to make his demand for a jury trial in season, and that as a result of this error the judgment must be reversed.

The act in question is constitutional.

In *Condon* v. *Royce*, 39 *Vroom* 222, section 149 of the District Court act (*Pamph. L.* 1898, *p.* 612) was under consideration in this court. That section relates to trial by jury in the District Court and in the latter part of the section provides that "unless a demand for a trial by jury shall be made at least one day before the time fixed for the trial, the demand for trial by jury shall be deemed to be waived, but the judge of any such court may, in his discretion, grant a *venire*, notwithstanding the failure of a demand as hereinbefore specified." It was objected in that case that this section was unconstitutional, as to actions in which more than one hundred dollars was demanded, among other reasons, because, while providing that either party to an action in a District Court might demand a trial by jury, it required such demand to be made at least one day before the time fixed for the trial or be deemed to be waived. Mr. Justice Collins, in writing the opinion of the court, said:

"The objection must rest, if anywhere, on the ground that such regulations impair the right of trial by jury guaranteed by the constitution itself. That fundamental law does not preclude due regulation of the right. All that its mandate requires is a trial by twelve men, impartially selected, who shall unanimously concur in a verdict. Citing *Brown* v. *State*, 33 *Vroom* 666. It would not be an unreasonable regulation of trial by jury, in any court, that it should be afforded only on demand. Such a regulation is peculiarly appropriate in a court where the *venire* is special. Failure to make the demand is a waiver of the right. Parties may waive their merely private rights, whether constitutional or not, at their pleasure. Citing *Wanser* v. *Atkinson*, 14 *Id.* 571, 574; *Joy & Seliger Co.* v. *Blum*, 26 *Id.* 518. Nor is it unconstitutional to prescribe a reasonable limit of time before trial within which the demand must be made."

The pertinent part of section 149 of the District Court act under consideration, in *Condon* v. *Royce*, *supra*, was amended by chapter 235 (*Pamph. L.* 1903, *p.* 505) to read as follows:

"Unless a demand for trial by jury shall be made, and notice thereof given the clerk of the court at least two days, ex-

clusive of Sundays and legal holidays, before the time fixed for the trial, and unless the party demanding the same shall at the time of making such demand pay the cost of the *venire,* the demand for trial by jury shall be deemed to be waived; but the judge of any such court may, in his discretion, grant a *venire* at the expense of the plaintiff, to be taxed in the costs of suit, notwithstanding the failure of a demand as hereinbefore specified."

This amendment of 1903 was under consideration in this court in the case of *Humphrey* v. *Eakeley,* 43 *Vroom* 424, wherein it was held that the provision of this section that unless the party demanding a trial by jury "shall, at the time of making such demand, pay the cost of the *venire,* the demand for trial by jury shall be deemed to be waived," was constitutional. Mr. Justice Garrison, in the opinion, quoted from *Clayton* v. *Clark,* 26 *Id.* 539, wherein, referring to the constitutional provision that the right of trial by jury shall remain inviolate, the court said:

"The language of that instrument, with respect to this mode of trial, is that it shall remain inviolate, not that it shall be unalterable; so that the limits of legislative action are not so circumscribed as to preclude the exercise of some power over the jurisdiction and procedure of inferior courts, although the existence of even such a power was doubted by Mr. Justice Elmer in *State* v. *Zeigler,* 3 *Vroom* 262. Legislative action of this kind has received judicial sanction in many of the courts of this country. Citing cases. The narrower question, viz., whether the legislature may constitutionally require that the party demanding the jury shall advance the expenses of the *venire,* has likewise been affirmed in several jurisdictions." Citing cases.

In Phœnix Pottery Co. *v.* Arthur L. Perkins Co., decided October 23d, 1909, this court had before it for consideration section 4 of the act of 1905, now under review in this case, the question there arising by reason of a denial of a trial by jury. Mr. Justice Reed, in affirming that action, said:

"The ground taken by the appellant is that the limitation of the period within which a demand for a jury trial must

be made, is unreasonably restrictive upon the right of a jury trial, and is therefore unconstitutional. It was held in *Condon* v. *Royce,* 39 *Vroom* 222, that the requirement contained in the original District Court act of 1898, section 149, that the demand for a jury should be made at least one day before the time fixed for the trial, else a jury trial should be deemed to be waived, was constitutional. Now, under section 147 of the District Court act, it is provided that when the parties appear at the time and place expressed in the summons, the court shall proceed to hear and examine their respective allegations and proofs, and render judgment in the cause, unless the judge shall think it proper to adjourn the trial. The grounds for adjournment are set out in section 148 of that act; but a failure to demand a jury trial previous to the return date, and the desire to have a jury trial expressed on the return date, is not one of the grounds for an adjournment. So, that even before the act of 1905 (*p.* 494), if the cause was ordered to be tried on the return date, a demand for a jury trial, to have been efficacious, must have been made two days before the return. But apart from this, the limitation of the time in the statute was not unreasonable. It aids in the expedition in the trial of a class of cases cognizable by the District Court. It renders adjournment unnecessary for the purpose of offering an opportunity to demand a jury trial, and so far as concerns the point that the defendant does not know the character of the claim against him until the state of demand is filed, it has no substance; so the action of the court in denying the trial by jury was correct."

We think, in view of the authorities cited, that the enactment of the section of the act in question was within the power of the legislature.

We think, also, that the language of the section in question is mandatory, and in the absence of a seasonable demand for a jury the judge has no discretion. He must try the case without a jury.

The presumption is that the word "shall" in a statute is used in an imperative and not in a directory sense. If a different interpretation is sought, it must rest upon something

in the character of the legislation or in the context which will justify a different meaning.  *25 Am. & Eng. Encycl. L. (2d ed.)* 633.

There is nothing in the language of the section to indicate that the word "shall" was used in a permissive sense, and when this section of the act of 1905 is compared with the language of section 149 of the District Court act of 1898, and with the language of the amendment to that section of the District Court act found in chapter 235 (*Pamph. L.* 1903, *p.* 505), it seems clear that the language of the act of 1905, under consideration, was intended by the legislature to be mandatory.  In section 149 of the District Court act of 1898, and in the same section as amended in 1903, a discretion is expressly vested in the judge of the court to grant a *venire,* notwithstanding the failure of the party to demand a jury in the manner or at the time required by the act.  The omission of the act of 1905 to vest in the court any such discretion, either by the use of express words or by the use of any word or words from which such a discretion might be implied, will be at once noticed, and can leave no doubt that it was the intention of the legislature to provide that unless the party demanded a trial by jury at least one day before the return day of the summons, his right to trial by jury should be conclusively presumed to be waived.

The result is that the judgment of the court below will be reversed, and the cause remitted for a new trial without a jury.