[No. 8524.]

WILMORE V. KALBERER.

1. CONTRACT—*Construed.* Lease of certain lands, the landlord agreeing to furnish three horses. The landlord complied with this covenant, and the horses furnished by him and used during the first term, were still upon the place when the lease was renewed. *Held* that the tenant was entitled to

these horses and no others, and was not authorized to hire other horses at the landlord's expense. (139.)

2. APPEAL AND ERROR—*Law of the Case.* The judgment of the Court of Appeals in a former review of the controversy is the Law of the Case, as to all matters thereby determined. (140.)

*Error to Denver District Court.* Hon. CHARLES C. BUTLER, Judge.

Mr. CHARLES A. MURRAY, for plaintiff in error.

Messrs. ALLEN & WEBSTER, for defendant in error.

BAILEY, J., delivered the opinion of the court.

This case has been tried once before, resulting in a judgment for the defendant in error, which was brought to this court and afterward transferred to the Court of Appeals, where there was a judgment of reversal. *Wilmore v. Kalberer,* 24 Colo. App. 209, 133 Pac. 763.

In that decision the rights of the parties were practically settled, but upon retrial, the court below, in the main, disregarded the law of the case as laid down by the Court of Appeals, and fell into the same errors that were committed in the original trial. The second trial was upon the same issues, the pleadings not having been amended, and the evidence introduced was in substance as at the first one.

The action was originally begun in the County Court, in which plaintiff sought to recover $410.29 on items of account, for which it is claimed the defendant became indebted to him during the years 1905 and 1906, while the latter was occupying land of plaintiff under written leases, the lease for 1906 being in effect a renewal of that for 1905. Both of the leases contain the following clauses:

"And lessee shall  *  *  *  feed all teams at his own expense, and not use the said Wilmore's horses for any other purposes than actual work on the ranch. The hay shall be divided in the stack;  *  *  *  Settlement shall be

made in dividing all moneys immediately at the time the same is paid for. The party of the first part shall furnish three (3) horses, and all tools, machinery, wagons and harness now on the place; * * * pay one-half (½) the threshing bill and furnish one-half (½) of the seed, * * * "

The proper construction and enforcement of these clauses are the chief matters for determination. There is no dispute but that under the first lease, 1905, plaintiff furnished three horses then on the place for defendant's use; that two of them were a mare known as "Maud" and a horse called "Bob"; and that they were used by defendant throughout that season without complaint of unfitness or otherwise. It is also agreed that these same horses were on the place at the time the second lease took effect, and that they remained there subject to use by Kalberer.

In his amended answer the defendant set out the lease in full, and claimed by way of counter-claim that plaintiff failed to furnish "a portion of the horses contracted by said lease, and that such horses as were furnished by him were wholly useless for any such purposes," and that by reason of hiring other horses, in their place, defendant was damaged in the sum of $220.00. By a further allegation in his counter-claim, defendant claimed $59.60 damages "for keeping, maintaining and feeding" one of the plaintiff's horses during a part of the year 1906, it being conceded that this animal was the same mare, "Maud". These two items, together with some smaller items aggregating $9.53, make up the entire counter-claim of $289.13. Defendant had judgment for $20.65, which plaintiff seeks to reverse.

The testimony of Kalberer, in direct and cross-examination, establishes conclusively that, except for setoffs, there was due and owing to plaintiff from him $156.10,—folios 146 to 157, inclusive, abstract of record. Defendant claimed that the value of a certain team should be charged against the balance of $68.79 brought over from the 1905 account,

which he claims to have turned over to plaintiff to be disposed of, and for which plaintiff never accounted.

By the opinion of the Court of Appeals it was determined that under the lease the defendant is precluded from claiming anything for keeping the mare, "Maud," and that the item of $59.60 should have been eliminated from his counter-claim. Also by that opinion the item of $68.79 of defendant's offset for the team of horses which he claimed were wrongfully disposed of by plaintiff was disallowed because not pleaded. We are of opinion that both of these items were,. as matter of law, properly excluded from consideration. And further we are of opinion that the defendant's claim of $220.00 for horse hire should also be eliminated as matter of law. Under the lease the defendant was to have the use of three horses then on the ranch, and by its terms defendant was limited in his demand against plaintiff in this behalf to these horses. There was no obligation on the part of plaintiff to furnish others, nor was any right given defendant to hire horses and charge them to the account of plaintiff. There is no warrant in the lease for such action, and no recovery was competent on the item of horse hire. When Kalberer hired horses he did it on his own responsibility, and we know of no rule of law which will permit him to saddle that obligation upon the plaintiff.

It follows that, except as to the three small items aggregating $9.53, the entire counter-claim of defendant should be disallowed. It appears from defendant's testimony that there is due from him to plaintiff at least $156.10, and for that amount he is unqualifiedly, bound, together with any additional sum which plaintiff may prove his due by a fair preponderance of the testimony, less any proper offset which defendant may establish within the limit above indicated.

There is no other matter deserving attention. The controversy, except upon the question of horse hire, which is

disposed of by this opinion, was substantially settled by the decision of the Court of Appeals upon the former review.

The judgment rendered is plainly erroneous, and it is therefore reversed and the cause remanded for a new trial in conformity with the views herein expressed.

*Judgment reversed and cause remanded.*

Chief Justice Gabbert and Mr. Justice White concur.