## No. 9148.

### KALBERER v. WILMORE.

1. APPEAL AND ERROR—*Verdict on Conflicting Evidence,* sufficient to sustain the conclusions of the jury, will not be disturbed.
2. FRAUDULENT CONVEYANCE—*Intent to Delay Creditor.* One who disposes of his property merely to delay his creditors, or a particular creditor, exposes himself to an attachment, even though he intends to faithfully discharge all of his obligations. (Rev. Code sec. 98.)

*Error to Denver District Court, Hon. Chas. C. Butler, Judge.*

Messrs. ALLEN & WEBSTER, for plaintiff in error.

Mr. CHARLES A. MURRAY, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THIS was an action by the defendant in error against the plaintiff in error on account. It has been before the Appellate Courts twice before. 24 Colo. App. 209, 133 Pac. 763; 61 Colo. 136, 156 Pac. 593.

There was a writ of attachment issued and apparently undetermined upon former trials. The sole question here arises upon the trial of the traverse to the affidavit in attachment. This question was tried to a jury. The court instructed the jury as follows:

"1.   The issue now on trial in this case is presented by plaintiff's affidavit in attachment and defendant's traverse thereof.

The affidavit charges, as grounds for the attachment herein, that said defendant had fraudulently conveyed, transferred and assigned his property and effects so as to hinder and delay his creditors, and especially this plaintiff.

The defendant by his traverse denies this allegation, which denial puts upon the plaintiff the burden of proving the allegation by a preponderance of the evidence, and if the plaintiff has done so your verdict should be for the plaintiff; otherwise your verdict should be for the defendant.

2.   Under the charge made in the plaintiff's affidavit, that the defendant had fraudulently conveyed and assigned his property so as to hinder and delay his creditors, the plaintiff is not required to show that the defendant was guilty of an actual or dishonest intention to cheat plaintiff or any other of his creditors. If the defendant put his property beyond the reach of the plaintiff or his creditors for the purpose of hindering and delaying his creditors, or this plaintiff, even though he may have intended eventually to pay him and them, still such act would be fraudulent within the meaning of the law."

The court refused the following instruction tendered by defendant:

"If a mortgagor, with the consent of the mortgagee, disposes of a portion of the mortgaged property for the sole purpose of conserving the remainder of the mortgaged property, under circumstances which render the same necessary for such conservation, then such disposition of the property is not fraudulent."

That the court erred in its refusal to give this instruction and that the evidence was wholly insufficient to sustain the attachment are the only assignments of error that require consideration.

The instruction tendered is but a converse statement of the law as stated in the last paragraph of the instruction given.

While the testimony is conflicting, there appears sufficient to justify the finding of the jury, and the verdict will not be disturbed.

The judgment is affirmed.

Garrigues, J., and Bailey, J., concur.