No. 9589.

BROWN ET AL. V. HALLETT.

LANDLORD AND TENANT—*Surrender*. A lease provided that the tenant might assign to a corporation of which he was a member. The purpose of the transaction was to secure the premises for a corporation to be afterwards organized, the nominal lessee having no interest. The corporation was organized and the tenant, without assuming possession, immediately assigned to it, and the corporation occupied the premises and for a time paid rent.

*Held* sufficient to justify the court below in declaring that there was a surrender by the lessee, and an acceptance of a new tenant by the lessor.

The question whether there was a surrender, and a release of the original lessee held one of fact.

*Error to Denver County Court, Hon. Ira C. Rothgerber, Judge.*

Department 2.

Mr. JOHN F. TOURTELLOTTE, for plaintiffs in error.

Mr. H. W. DANFORTH, for defendant in error.

Mr. Justice Denison delivered the opinion of the court.

BROWN, executor, sued Hallett for rent, upon a lease from Anna Brown, deceased, to Hallett. The trial was to the court. The defendant had judgment.

There were no pleadings, the case being appealed from justice of the peace. The lease in question was in ordinary form with the ordinary covenant to pay rent and not to sublet or assign without the consent of the lessor, but there was a rider as follows: "It is mutually agreed that the lessee may assign his interest in this lease to a corporation of which he is a member." There was also an agreement that the covenants should be binding upon the heirs, executors, administrators and assigns of both parties.

At the trial the defendant was allowed to show that the purpose and intention of the lessee in taking the lease was for the use of a corporation to be formed; that the corpora-

tion would not be formed unless the lease could be obtained; that it was the lessee's intention immediately to assign the lease to this corporation; that these purposes and intentions were made known to the lessor. Indeed the purpose to form a corporation for the purpose of taking over the lease was mentioned before anything was said about the name of the lessee, or that there would be an intermediate lessee; and that at the last the lessee stated that he was not interested in the matter individually; that he was only acting for the company, and if the lease could properly be secured the company would be formed—otherwise not. This evidence was objected to by the plaintiff—the objection overruled *pro forma,* but the ruling was confirmed at the end of the trial and exception taken.

The lease was finally delivered May 27, 1915. On the next day the corporation was formed, accepted an assignment of the lease from Hallett, and went into immediate possession. Hallett, the lessee, was never in possession but was a member of the corporation.

The corporation paid the rent, performed all the duties of the tenant under the lease. In November, 1917, having become embarrassed, it went out of business and offered to surrender the lease to the lessor. The offer was refused and suit was brought against Hallett for rent.

The defendant relies upon three defenses but we need consider only the third which was, that all of the circumstances leading to and attending the execution of the lease, taken with the course of dealings after the assignment effect and prove a surrender of the lease and term by Hallett and a substitution of the assignee as tenant, so that he is no longer chargeable.

It is very true that the assignment of a lease is not a surrender, and does not relieve the lessee from his covenant to pay rent even though rent be accepted from the assignee (*Jones v. Barnes,* 45 Mo. App. 590, 593-4), but the question whether there was a surrender and a substitution of tenants and a release of the original lessee is one of fact, *Golding v. Brennan,* 183 Mass. 286, 289, 67 N. E. 239; *Colton v. Gor-*

*ham,* 72 Iowa 324, 33 N. W. 76; *Logan v. Anderson,* 2 Doug. (Mich.) 100; *Gomprecht v. Ludwig,* 120 N. Y. S. 986 (the concurring opinion is the majority opinion). When the whole purpose of the transaction is to get the leased premises for the use and benefit of the assignee, the negotiation being in inception for its benefit and the lease secured for that purpose only, with no individual interest in the lessee; when the transfer is made and accepted by the lessor no one having been in possession except the assignee, and rent is received from it and no one else it would seem that there was evidence sufficient to justify the court below in finding that there was a surrender by the lessee and an acceptance of a new tenant by the lessor.

Since there were no special findings, we must assume that this question of fact was resolved by the court for defendant. The evidence was admissible for the purpose of showing this fact and consequently the judgment must be affirmed.

Garrigues, C. J., and Scott, J., concur.

Decided March 1, A. D. 1920. Rehearing denied June 7, A. D. 1920.