No. 10,205.

RUPLE, ET AL. v. TAUGHENBAUGH.

Decided October 2, 1922. Rehearing denied November 6, 1922.

Action on promissory notes.   Judgment for plaintiff.

*Affirmed.*

1.  APPEAL AND ERROR—*Fact Findings.* Fact findings of the trial court based on conflicting evidence, will not be disturbed on review.

2.  LANDLORD AND TENANT—*Forfeiture.* Where a lease contains no provision for forfeiture of the landlord's right on his failure to perform, the lessee cannot claim a forfeiture of his interest under the lease, nor abandon the premises without his consent.

3.  *Abandonment by Lessee.* Upon abandonment of the leased premises the landlord may take possession of the property to preserve it, and sue for the rent, or he may ignore the abandonment and sue for damages.

    If he adopt the former course, the lessee cannot complain that he is relieved from liability.

4.  *Intent of Landlord in Taking Possession.* If the intent of the landlord in taking possession is to accept the surrender, the lessee is relieved from payment of balance of rent; otherwise not.

5.  *Termination of Lease.* Any agreement between landlord and tenant manifesting an intention to terminate a lease which is unequivocally acted upon by each, effects its cancellation; but the landlord cannot unqualifiedly accept a surrender, and still sue for rent.

6.  FRAUD—*Debtor—Intent.* The intent of a debtor in dealing with his property is to be determined from the natural and obvious consequences of his acts. Conscious purpose to hinder and delay his creditors is not essential.

*Error to the District Court of Garfield County, Hon. John T. Shumate, Judge.*

Mr. C. W. DARROW, for plaintiffs in error.

Mr. J. W. DOLLISON, Messrs. NOONAN & NOONAN, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

TAUGHENBAUGH had a judgment and a decree for certain equitable relief against J. B. Ruple, W. F. Webb and Nora M. Ruple on three promissory notes of $1,000 each, payable in one, two and three years, which were given, as the court found, by defendants, in payment of rent for a ranch of plaintiff. They were given at the time the lease was made and were provided for in the lease. One of the notes was overdue at the time the action was commenced but was all paid except $7.88. The other two notes were not yet due, but plaintiff claimed the right to recover and did recover upon them under the provision of the code because of fraudulent transfer of the defendants' property. This fraudulent transfer consisted of various chattel mortgages which greatly complicated the title of the defendants to their property and which the court in special findings found were sufficient to hinder and delay creditors. We cannot overthrow these findings.

The lease contained a clause that the lessees accepted the fences as they were; that they should do the work for such repairs as were necessary and the lessor should furnish the material. It is claimed by the defendants that the fences were out of repair, that they requested the plaintiff to furnish material and he refused. He denies this and the point is found in his favor by the court. We cannot overrule that finding.

About the expiration of the first year of the lease the defendants served a notice on the plaintiff that they would no longer continue the tenancy, that he had forfeited his right under the lease by his failure to furnish this material and they thereupon abandoned the premises. There is no provision in the lease for the forfeiture of the les-

sor's right on his failure to do his part of the lease; therefore, even if he had failed to furnish materials on demand, which the court found that he had not, the lessees had no right to forfeit or claim a forfeit of his interests under the lease, nor had they any right to abandon the premises without his consent. They claim that he consented. He denies that and the court found in his favor on this point also, and we cannot set aside the finding.

The defendants claimed that they had purchased some fencing material and used it in fencing on the leased ranch; they set up a counterclaim to that effect and the court allowed them $29 therefor. They claim that thereby the court overruled and somehow vitiated the finding that plaintiff had not failed to furnish material, because the sustaining of the counterclaim was inconsistent with such finding. But, with reference to this material. which the defendants bought, the plaintiff testified that they had told him they wanted it for corrals and he told them to go ahead, and he would allow it upon the rent. We cannot sustain the defendants, therefore, upon this point.

Upon the abandonment by the lessees the plaintiff took possession of the ranch. He testified that he did so in order to take care of the property and preserve it and to preserve the insurance. This the court rightly held he might do. True he might have ignored the abondonment of the ranch without taking possession and ultimately sued not only for the rent but for all the damage caused by the abandonment and subsequent failure to care for the ranch according to the lease; but the defendants cannot complain that he has relieved them from liability. *West Side Auction House Co. v. Conn. Mutual Life Ins. Co.,* 186 Ill. 156, 161, 57 N. E. 839. The real question in such cases is what is the intent of the landlord in taking possession? (*Brown v. Hallett,* 68 Colo. 316, 190 Pac. 429; *Carson v. Arvantes,* 27 Colo. 77, 59 Pac. 737.) If to accept a surrender, the lessee is relieved from the balance of the rent, (Tiffany on Landlord and Tenant, § 190) ; otherwise, not. *Higgins v. Street,* 19 Okla. 42, 92 Pac. 153, 13 L. R. A.,

(N. S.) 398, 406-7, 14 Ann. Cas. 1086. See also *Stobie v. Dills*, 62 Ill. 432; *Lewis v. Scanlan*, 3 Pennewill's Dela. Reps. 238, 50 Atl. 58; *Smith v. Hunt*, 32 R. I. 326, 79 Atl. 826, 35 L. R. A. (N. S.) 1132, Ann. Cas. 1912D, 971; *Respini v. Porta*, 89 Cal. 464, 26 Pac. 967, 23 Am. St. Rep. 488; *Bowen v. Clarke*, 22 Ore. 566, 30 Pac. 430, 29 Am. St. Rep. 625; *Miller v. Benton*, 55 Conn. 529, 13 Atl. 678.

In the cases of *Carson v. Arvantes*, 10 Colo. App. 382, 50 Pac. 1080, and *Wilson v. Agnew*, 25 Colo. App. 109, 136 Pac. 96, there was no question of fact as to the acceptance of the surrender. In the former case it is clear, and the opinion states, that the surrender was accepted in intent as well as fact. The true rule is stated in the same case, 27 Colo. 77, at page 83, 59 Pac. 737. Any agreement between landlord and tenant manifesting an intention to terminate a lease which is unequivocally acted on by each, effects its cancellation, but while the landlord cannot unqualifiedly accept a surrender and still sue for the rent, yet the acceptance of the surrender was a question of fact (*Brown v. Hallett*, supra) and was determined in favor of the plaintiff.

The court in its decree requires Taughenbaugh to account to defendants for the net proceeds of the ranch, whether by operation, or lease to others, and the defendants are thus protected.

It is claimed that the attachment was wrongly sustained, but the finding of the court was that the allegations in the affidavit as to hindering and delaying creditors were true. We cannot disturb it.

It is argued that it does not appear that the defendants intended to hinder and delay creditors. The intent must be determined from the natural and obvious consequences of the act. Conscious purpose to hinder and delay is not essential. *Kalberer v. Wilmore*, 65 Colo. 411, 177 Pac. 147.

The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.