JOHN L. CONNER and HELEN L. CONNER, d. b. a., v. HARVEY L. JORDIN and INA D. JORDIN, p. b. r.

(*September* 19, 1935.)

Heard before RICHARDS, J., without a jury.

*Alexander Jamison* for d. b. a.

*Everett B. Borton* for p. b. r.

Superior Court for New Castle County, No. 30, January Term, 1935.

RICHARDS, J., delivering the opinion of the Court:

 The statute of this state with respect to notice to move from demised premises, found at *Section* 4535 of the Code, provides that where the term is for one or more years three months' notice must be given; where letting is by the month a month's notice shall be given, and where the letting is by the week a week's notice shall be given. According to the testimony the renting in this case was upon a yearly basis at thirty-five dollars per month, which would seem to indicate a yearly renting requiring three months' notice, but no contention was made that three months' notice should have been given. In fact, the plaintiffs are seeking to recover only one month's rent. The defendants admit that a full month's notice to move from the apartment was not given, but notwithstanding this fact they contend that the plaintiffs are not entitled to recover. They take the position that they surrendered the apartment to the plaintiffs who took absolute possession thereof; and that the act of the plaintiffs in thus taking possession amounted to

an acceptance of their surrender, which relieved them from the payment of any further rent. It is not denied that the defendants moved from the plaintiffs' apartment, or that they delivered the key to the plaintiffs when they requested it, but nothing was said by the defendants at the time about surrendering the apartment. It is likewise true that the plaintiffs advertised the apartment for rent and placed a for rent sign upon it, but nothing was said by them to indicate that they considered that the defendants had surrendered the apartment, or that they accepted a surrender of the same. The question then arises whether the acts of the parties were such as to constitute a surrender by operation of law. An express agreement to surrender need not be shown, but where the parties do some act or acts from which it is necessarily implied that they both have agreed to consider the surrender as made, such circumstances are sufficient to constitute a surrender by operation of law. *State, to Use of Thompson, v. McClay,* 1 *Harr.* 520; *F. B. Norman Co. v. E. I. Du Pont de Nemours & Co.,* 12 *Del. Ch.* 155, 108 *A.* 743; *Conover v. Sterling Stores Co.,* 14 *Del. Ch.* 26, 120 *A.* 740; *Young v. Berman,* 96 *Ark.* 78, 131 *S. W.* 62, 34 *L. R. A.* (*N. S.*) 977; *Steel v. Thompson,* 59 *Cal. App.* 191, 210 *P.* 430; *Ruple v. Taughenbaugh,* 72 *Colo.* 171, 210 *P.* 72; *Lamb v. Gorman,* 16 *Ga. App.* 663, 85 *S. E.* 981; *Hickman v. Breadford,* 179 *Iowa* 827, 162 *N. W.* 53; *Hoke v. Williamson,* 98 *Kan.* 580, 158 *P.* 1115; *Biggs v. Stueler,* 93 *Md.* 100, 48 *A.* 727; *White v. Berry,* 24 *R. I.* 74, 52 *A.* 682; *Beall v. White,* 94 *U. S.* 382, 24 *L. Ed.* 173.

██ ██ A mere surrender of the premises by lessee is not sufficient, but there must also be an acceptance by the lessor. The fact that the landlord received the keys is evidence of a surrender, but generally speaking, that of itself does not amount to an acceptance. There are many reasons for which the landlord might require the keys after

the premises had been abandoned by the tenant. The most usual of which are caring for the property, making necessary repairs and showing it to prospective renters. Acts of this nature are not considered an acceptance. *Kean v. Rogers,* 146 *Iowa* 559, 123 *N. W.* 754; *Zautz v. Sebrean,* 59 *Cal. App.* 781, 211 *P.* 834; *Johnson v. Watkins,* 26 *Ga. App.* 759, 107 *S. E.* 341; *Stern v. Thayer,* 56 *Minn.* 93, 57 *N. W.* 329; *Underhill v. Collins,* 132 *N. Y.* 269, 30 *N. E.* 576; *Jones v. Rushmore,* 67 *N. J. Law* 157, 50 *A.* 587.

■ When, however, the landlord takes absolute possession of the property without any qualification, such an act constitutes an acceptance; unless he expresses an intention to hold the tenant for rent, or unless there was some provision in the lease authorizing him to re-enter if the property became vacant. *Williamson v. Crossett,* 62 *Ark.* 393, 36 *S. W.* 27; *State, to Use of Thompson, v. McClay,* 1 *Harr.* 520; *Kean v. Rogers,* 146 *Iowa* 559, 123 *N. W.* 754; *Stein v. Hyman-Lewis Co.,* 95 *Miss.* 293, 48 *So.* 225; *Everett v. Williamson,* 107 *N. C.* 204, 12 *S. E.* 187; *Deane v. Caldwell,* 127 *Mass.* 242; *White v. Berry,* 24 *R. I.* 74, 52 *A.* 682; *Kneeland v. Schmidt,* 78 *Wis.* 345, 47 *N. W.* 438, 11 *L. R. A.* 498; *Hargrove v. Bourne,* 47 *Okl.* 484, 150 *P.* 121.

■ In this case the evidence disclosed no agreement between the parties controlling the defendants' action of moving from the apartment. It neither appears that the defendants asked the plaintiffs what their attitude would be with respect to future rent, or that the plaintiffs agreed not to charge the defendants rent for any future period. The action is for one month's rent, and the defendants admit that they did not give a month's notice before leaving the apartment. True the defendants testified that they would not have moved if they had known the plaintiffs were not bound to volunteer this information, and there was nothing

to prevent the defendants from asking the plaintiffs what position they would take. The fact that the plaintiffs went to see the defendants on July 20, three days before they moved, and told the defendants that they had not given a month's notice, was sufficient to cause the defendants to take the initiative in order to learn if rent would be demanded for the next month. The plaintiffs doubtless wanted to rent their apartment to the best tenant to be had and one who would keep it for a long term; therefore, it was not unreasonable for them to ask for and receive the key, and to advertise the property in the way they did. Even though it may appear that there was a surrender of the apartment by the defendants, the acts of the plaintiffs did not amount to an acceptance. In the early Delaware case of *State, to Use of Thompson, v. McClay*, 1 *Harr.* 520, Chief Justice Clayton, in discussing whether there had been an eviction, had this to say:

"If a tenant absconds and goes out of the government and abandons the property, common sense would teach that the landlord had the right to take proper care of the abandoned premises to prevent their going to destruction. The object, therefore, of Mr. Thompson in entering upon these premises and locking up the house should govern in ascertaining whether there was an eviction. If he entered with a view of dispossessing the tenant, keeping him out, or prejudicing his rights as tenant; or if he did so dispossess him, against his will; it would be an eviction; but if all the acts of Thompson amounted only to reasonable care of his property; and were not designed and had not the effect to dispossess or keep out Reading against his will, they would not constitute an eviction."

A similar question was involved in the case of *Conover v. Sterling Stores Co.*, 14 *Del. Ch.* 26, 120 *A.* 744, where the Chancellor used this language:

"On this showing, I am of the opinion that the receivers' contention that there was a surrender and acceptance of the lease is sustained by the proof. The delivery of the keys, the receipt of the same, the placing of the 'for rent' sign may, as stated, be conceded to be not sufficient alone to evidence an intent on the part of the landlords to accept the tendered surrender."

As was said in the case of *F. B. Norman Co. v. E. I. Du Pont de Nemours & Co.*, 12 *Del. Ch.* 155, 108 *A.* 743, 746, the question before the Chancellor being analogous to the one in this case, "obviously the parties here would not now be at odds with each other if there had been more open frankness on both sides in their dealings with each other."

I am convinced that under all of the circumstances of this case, the plaintiffs did not accept a surrender of the apartment and that they are entitled to rent for the month of August.

Judgement is, therefore, awarded the plaintiffs for $35.00.