ENOCH ENGSTROM *et al.* v. EMMA J. TYLER.

1. ACTION FOR RENT—*Eviction as a Defense.* Where an action is brought by a landlord to recover of his tenant rent for a stated time, an answer of the tenant alleging that, during the term of the lease, the landlord entered the premises and took possession thereof, leased them to various parties, and collected and retained the rent therefor, states a defense to at least a part of the landlord's claim for rent.

2. DEMURRER *to Answer.* The amended answer in this case states a defense to the cause of action set up in the plaintiff's bill of particulars, or to at least a portion of it, and therefore the demurrer to said answer ought to have been overruled.

*Error from McPherson District Court.*

THE opinion states the facts.   Judgment for plaintiff, *Tyler*, at the January term, 1889.   The defendants, *Engstrom* and another, bring the case to this court.

*Frank G. White*, for plaintiffs in error.

*Simpson & Bowker*, for defendant in error.

Opinion by STRANG, C.: Emma J. Tyler commenced this action before a justice of the peace in McPherson county to recover $135 and interest thereon, for rent alleged to be due her from the defendants below.   The case was tried before a justice, resulting in a judgment for the plaintiff in the sum of $136.57.   From this judgment the defendants therein appealed to the district court, where they filed an answer to the plaintiff's bill of particulars.   A demurrer was interposed to such answer, and by the court sustained.   Afterward the defendants filed an amended answer, to which the plaintiff below again demurred.   This second demurrer was also sustained. To the ruling of the court sustaining this demurrer the defendants below objected and saved an exception, and the case comes here for review of the ruling on said demurrer.   The amended answer filed in the court below reads as follows:

"Defendants say that they deny that they are indebted to the plaintiff in the amount sued for, or in any other sum of

money whatsoever, for the following reasons: Prior to August 1, 1888, the date when the installment of rent herein sued for is alleged to have fallen due, defendants fully and completely abandoned and vacated the premises described in the plaintiff's bill of particulars, and released all claims of possession or right to them, and plaintiff resumed possession and control of said premises, leased them to various and divers parties, collecting and retaining the rent for the same in all respects the same as she did before the date of the alleged lease to the defendants, and has at all times since assumed and retained full and complete control of, the premises; and defendants allege that, by reason of the vacation of the premises by them, and reöccupying and control of them by the plaintiff, a cancellation of said lease was then and there perfected by operation of law."

While this answer is not well drawn, yet we think it states a cause of defense at least to some part of the plaintiff's claim, and should have been held good as against a demurrer.

It is therefore recommended that the judgment of the court below be reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.

All the Justices concurring.