M. T. BROWN *et al.* v. ALEXANDER CAIRNS *et al.*

No. 12,373.   (66 Pac. 639.)

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Abandonment.* Where a tenant, before the expiration of the lease, abandons the leased premises without cause, the landlord may relet to another without creating a surrender by operation of law.

2. ——— *Effect of Breach by Lessee.* Covenants in a lease providing for its termination upon failure of the lessee to comply with specified conditions are for the benefit of the lessor only, and the lessee cannot, by a breach of its covenants, abrogate the lease and thus secure advantage from his own default.

3. ——— *Petition in Attachment.* In an action brought against a tenant by his landlord for rent before it was due, the petition contained allegations which would entitle plaintiff to an attachment, and the prayer asked for a writ of attachment against the property of the tenant. *Held*, that the petition stated a cause of action.

Error from Coffey district court; W. A. RANDOLPH, judge.   Opinion filed November 9, 1901.   Division one.   Reversed.

*Hutchings & Keplinger*, for plaintiffs in error.
*James Redmond*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : This was an action brought by plaintiffs in error to recover from the defendants in error the sum of $1000 rent for the year 1897 on a large tract of

land in Coffey county.   The petition, with copy of the lease attached and made part of it, was filed January 16, 1897, and alleges that the rent will be due, $500 on the 1st day of June, and $500 on the 1st day of December, 1897.   There is a further averment as follows :

"Defendants within the last thirty days have removed a part of their property, consisting of a large number of cattle, from the said leased premises.   .   .   . And plaintiffs further say that the said defendants intend to remove the remainder of their property and all of the crops from the said leased premises."

The prayer of the petition asks for a writ of attachment against the property of the defendants, and for judgment against them for the rent aforesaid when, by the terms of the lease, it should become due.   In a supplemental answer filed by the defendants below they allege that, after they had abandoned the premises and repudiated the lease, the plaintiffs took possession of the land and leased it to one Samuel Dryer for the term of one year from the 1st day of March, 1897, and said Dryer entered upon the lands and occupied and cultivated them as plaintiffs' tenant.   To this answer the plaintiffs in error filed a reply, averring that defendants below had abandoned the leased premises and refused to care for or cultivate the same ; that plaintiffs had taken possession to the end and for the purposes only of preserving the property from waste and destruction, and to render the loss or damage arising from breach of the conditions of the lease as small as practicable ; that the lease to Dryer was made after the plaintiffs below had notified the defendants that they would not accept a surrender of the premises and release the latter from the payment of rent therefor as provided in the lease.

The  district  court  rendered  a  judgment  on  the

pleadings against the plaintiffs below, who are plaintiffs in error here. It is a matter of conjecture upon what specific ground the action of the trial court was founded, rendering it necessary to consider all of the several points discussed in the brief of counsel for defendants in error, upon any one of which the action of the court might have been based.

By the terms of the lease, the letting of the land was for ten years from the 1st day of March, 1895, the lessees agreeing to pay a cash rental each year of $1000 for the first five years and $1500 each year for the remaining time, the rent to be paid semiannually in two equal payments, upon the 1st days of June and December. The lease contains this provision :

"If the said parties of the second part (lessees), their executors or administrators, at any time during the term hereby granted, shall fail in any or either of the covenant conditions or promises in these presents contained, which on the behalf of said parties of the second part are or ought to be observed, performed, fulfilled, or kept, then this agreement shall terminate and be at an end."

The defendants in error could not, by a failure to pay the rent, bring the lease to an end. The provision that the agreement should terminate upon the failure of the lessees to perform those conditions of the lease which were obligatory to be carried out on their part is a covenant in favor of the lessors exclusively, and does not make the lease void except at their option. To hold otherwise would permit a lessee to take advantage of his own default. The law is well settled on this question. In *Cochran v. Pew et al., Appellants*, 159 Pa. St. 184, 187, 28 Atl. 219, it is said :

"Covenants for the lease to be void, or to cease and determine, etc., on failure by the lessee to comply with

Brown v. Cairns.

the conditions specified, do not make the lease void except at the option of the lessor, and that legal effect, no matter what form or cumulation of phrases be used, can only be changed by an express stipulation that the lease shall be voidable at the option of either party or of the lessee." (See, also, *Edmonds et al. v. Mounsey*, 15 Ind. App. 399, 44 N. E. 196; *Brady v. Nagle et al.*, 29 S. W. [Tex.] 943; *Wills v. Manufacturers' N. Gas Co.*, 130 Pa. St. 222, 18 Atl. 721, 5 L. R. A. 603.)

It has been held by this court that under executory contracts for the sale of land, containing conditions that upon failure to make payments such contracts shall become void or shall cease or determine, the vendor alone can have the benefit of such condition. (*Bohart v. Investment Co.*, 49 Kan. 94, 30 Pac. 180; *Chambers v. Anderson*, 51 id. 385, 32 Pac. 1098.)

Counsel for defendants in error concede that section 3871 of the General Statutes of 1901, relating to landlord and tenant, authorizes the issuing of an attachment on a claim for rent before due, but insists that no action can be maintained for such rent without issuing an attachment, and that the petition does not show that an attachment was issued, nor does such fact appear in the record. It was held, in *Pierce v. Myers*, 28 Kan. 364, 368, that in an action on a claim before due it is not necessary to set forth in the petition the grounds on which the attachment is obtained. It was said: "The grounds for the attachment must be set forth in the affidavit of the plaintiff for the attachment, and need not be set forth anywhere else. At most, they should not be set forth in the pleadings." It is difficult, however, to see how a petition setting forth a claim for judgment on a demand before its maturity could withstand an attack by demurrer without some averment showing the right to an at-

tachment, or that the plaintiff intended to invoke such remedy. In this case the petition, which has heretofore been held good by this court, states facts which entitle the plaintiffs below to such relief. (*Brown v. Cairns*, 65 Pac. [Kan.] 231.)

There remains for consideration the question whether the conduct of the plaintiffs below in taking possession of the land and leasing the same to a third person after the 1st day of March, 1897, to the 1st day of March, 1898, for the reasons stated in their reply, constituted an acceptance of a surrender of the lease on their part and a termination of it between the parties. It is expressly averred in the reply that the defendants were notified that plaintiffs would not accept a surrender of said premises or release defendants from the payment of the rent as provided in the lease, and that Dryer was put in possession for the purpose only of preserving and caring for the premises and rendering the loss and damage to the plaintiffs on account of the abandonment as small as possible, and that there was no intention or purpose on the part of plaintiffs to accept from defendants a surrender of the premises, all of which defendants well knew. It is a general rule that after a wrong has been committed it is the duty of the injured party to make reasonable efforts to prevent an increase or extension of the injury, and if he fails to do so he cannot recover for such increased injury. (*K. P. Rly. Co. v. Mihlman*, 17 Kan. 224; *Town Co. v. Leonard*, 46 id. 354, 26 Pac. 717.) The effect of the acts of the parties in this case was before the supreme court of Iowa in a suit for rent brought under this same lease. The question whether there was a surrender was decided against the contention of defendants in error in an opinion citing many authorities. (*Bolton v. Foster*,

107 Iowa, 727, 77 N. W. 478.)   A part of the syllabus of that case reads :

"A landlord, after his tenant has vacated and abandoned the premises without cause, may, without creating a surrender by operation of law, resume possession and re-lease to another, after giving notice to the original tenant of his intention of holding him for the rents, the re-leasing being merely to reduce the damages."

In *Merrill v. Willis*, 51 Neb. 162, 164, 70 N. W. 914, it was said :

"The rule sanctioned by the decided weight of authority, if indeed there can be said to be a diversity of opinion on the subject, is that the landlord may in such case, at his election, relet the premises upon the abandonment thereof by the tenant, in which case the measure of his damage will be the agreed rental, less the amount realized on account of such reletting ; or he may permit the premises to remain vacant until the end of the term, and recover his rent in accordance with the terms of the lease." ( See, also, *Bowen v. Clarke*, 22 Ore. 566, 30 Pac. 430, 29 Am. St. Rep. 625 and note.)

It must be noted that the landlord in this case did not take possession on his own account.   The lessees were liable for the annual rental of the land to the amount they agreed to pay, whether the same was occupied by them or not ; and the leasing to Dryer reduced their liability to the plaintiffs to an extent equal to the amount which he agreed to pay for the occupation of the land.

The judgment of the court below will be reversed, with directions to proceed further in accordance with this opinion.

JOHNSTON, GREENE, ELLIS, JJ., concurring.