No. 20,263.

J. S. HOKE, *Appellee,* v. W. H. WILLIAMSON, *Appellant.*

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT—*Surrender by Tenant—Liability—Consent of Landlord.* Surrender by a tenant must have the consent of his landlord in order that the tenant may be discharged from liability to pay rent.

2. SAME—*Surrender—Consent of Landlord — Reletting — Notice.* Consent of the landlord is not implied from the mere fact of a reletting, or from failure to notify the tenant of a reletting, and notice to the tenant of a reletting is not essential in order to prevent surrender by operation of law.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 8, 1916. Affirmed.

*C. M. Williams,* of Hutchinson, for the appellant.

*F. L. Martin,* and *Van M. Martin,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover rent from a tenant who had vacated the leased property. The defense was surrender and release from liability. The plaintiff recovered and the defendant appeals.

In September, 1910, the plaintiff leased the property to the defendant for five years at the monthly rent of $18. In 1912 the defendant moved out and the property remained vacant for some time. The plaintiff found another tenant to whom he leased from month to month at the monthly rent of $19, the

same rent as before with a dollar per month added for an electric light and fan which the plaintiff furnished. As the result of negotiations between representatives of the parties the defendant paid the rent due from him while the property was vacant. In 1913 the property again became vacant and remained so until March, 1914. The action was for rent for this period. The answer stated that until the defendant moved out the plaintiff continued to demand rent which the defendant refused to pay. After the reletting the defendant offered to pay rent for the time the property was unoccupied if he were released from further liability. The plaintiff accepted this offer and accepted the defendant's check for the sum which the offer contemplated. The court instructed the jury with reference to the defense specifically pleaded and further instructed as follows:

"The jury are instructed that when the defendant quit the said premises it was then the duty of the plaintiff Hoke to lessen his loss by renting said rooms to some other person, and the renting of the rooms to another would not be such an act as would release the defendant from the payment of rent, but it would be necessary in addition to the leasing of said premises by the plaintiff to another party that you believe from all the evidence and circumstances that the plaintiff consented to the termination of said lease with the defendant and consented that the defendant should not be held for any further rent."

The verdict for the plaintiff is conclusive on the subject of an express agreement to accept the defendant's surrender and to release him from further liability. The defendant, however, challenges the instruction quoted and argues that reletting the premises discharged him by operation of law, the reletting having been without notice to him. The instruction contained a fair statement of the law. (*Brown v. Cairns,* 63 Kan. 584, 66 Pac. 639; *Rogers v. Dockstader,* 90 Kan. 189, 133 Pac. 717; *O'Neal v. Bainbridge,* 94 Kan. 518, 146 Pac. 1165.) Surrender by a tenant must have the consent of the landlord in order that the tenant may be discharged from liability to pay rent. Consent of the landlord may be express, or may be implied from all the circumstances. Consent is not implied from the mere fact of a reletting because a landlord who does not consent to a surrender is nevertheless bound to reduce his damages by reletting the premises if he can. Consent to a sur-

render is not implied from failure to notify the tenant of a reletting and notice of reletting is not an arbitrary condition with which the landlord must comply to prevent surrender by operation of law. In this case the terms of the reletting were consistent with an intention to hold the defendant and the evidence was sufficient to show that the plaintiff did not consent to discharge the defendant from the obligation of his lease.

The judgment of the district court is affirmed.