**ROBERTSON v. CHAPEL et al.**

No. 15291—Opinion Filed June 9, 1925.

Rehearing Denied Feb. 23, 1926.

1. **Vendor and Purchaser—Action for Price —Defense of Payment—Burden of Proof.**

Where a defendant pleads payment in a suit for a balance due on the purchase price of land, he has the burden of proving payment.

2. **Appeal and Error—Review—Question of Fact—Payment.**

On a disputed question of payment, there is a question of fact for the jury, and the verdict of the jury will not be disturbed on appeal, if there is any evidence reasonably tending to support the verdict. Held, in this case, the evidence reasonably tends to support the verdict of the jury, and the verdict will not be disturbed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Greer County; T. P. Clay, Judge.

Action by C. A. Chapel and Daisey M. Chapel against N. W. Robertson. Judgment for plaintiffs, and defendant appeals. Affirmed.

Garrett, Garrett & Jeter, for plaintiff in error.

H. M. Thacker, for defendants in error.

Opinion by MAXEY, C. This controversy grows out of a contract between plaintiffs and defendant, whereby the plaintiffs sold to the defendant the west 50 feet of block 16 in Powers addition to the city of Mangum, Greer county, Okla. The parties entered into a contract of sale, whereby the plaintiffs agreed to sell the lot to the defendant for the sum of $300 cash, and he assume the payment of $450 that the plaintiffs owed Nannie C. Powell on said lot. The contract of sale was drawn up and also a deed covering the land was executed, and the contract and the deed were deposited in escrow in the Mangum National Bank. It was agreed and understood that when Robertson paid the amount agreed to be paid under said contract, the bank was to deliver the deed to him. The defendant claims that he paid the amount of money due to Nannie C. Powell into the bank and also paid the $300 that was going to the plaintiffs, and that the bank delivered him the contract and deeds and that he placed the deeds on record. The plaintiffs claimed that they never received the $300 due them, either from the bank or anyone else, and the sole question to be decided is whether the $300 due Chapel was paid by defendant. Robertson testified that he went to the bank on the 4th day of March, 1921, and there paid in cash and in checks the amount of money due the plaintiffs. The cashier and president of the bank testified that the defendant came to the bank on the 4th day of March and deposited to the credit of Nannie C. Powell the sum of 274.71, and that amount paid up what was due to Nannie C. Powell; that defendant requested of the bank the surrender of the contract and the deed deposited in escrow, and said he wanted to examine the papers and see that everything was correct. They said that they let him have the papers to take to his office, and did not know that the Chapel papers were in the same envelope with the Powell papers until some days afterwards he got a letter from Chapel calling attention to the fact that this money was due in a short time and asking him to hurry up the collection. He said he went to defendant's office and defendant said he would look up the papers and return them, but never did, and kept putting him off from time to time. There is a direct conflict between the testimony of the officers of the bank and the defendant. The defendant, Robertson, testified at length and the president and the cashier of the bank, who were conducting the transaction on the part of the plaintiffs, testified to what was done in regard to payment, and the case was submitted to the jury, and there

is no exception saved to any instruction given, and the jury returned a verdict for the plaintiffs for $300 and interest, the amount due the plaintiffs.

There were objections made to the introduction of the deposit slips of the bank on the day that Robertson claims to have paid the money in for Chapel. This testimony was admitted to show that no such item as Robertson claims to have paid on that day appeared in the credits of the bank for that day. We think there was no error in admitting this testimony, as its only purpose was to check up the amount that Robertson paid in that day.

There is another complaint made in the brief of the plaintiff in error, and that is, that the court, after the defendant had testified and been cross-examined by plaintiff's attorneys, conducted a rigid cross-examination of the defendant covering several pages of the record, and cross-examined all of defendant's witness. There was no objection made to the court doing so and no exceptions saved to it.

We have read the testimony of all of the witnesses and there are no exceptions saved to any instruction given, and we do not think there was any prejudicial error in the admission of testimony or excluding testimony. The evidence of the defendant was very weak in regard to the payments. He could not remember how much money he paid in, or how much he paid in money and how much he paid in checks, while the bank officers, who testified on behalf of the plaintiff, could show from their books and deposit slips just what amount defendant paid in that day; and they were able to testify much more satisfactorily than the defendant, who could remember but little about the transaction. The jury heard these witnesses and found that the defendant was indebted to the plaintiff in the amount of $300 and interest. We think the verdict of the jury is fully sustained by the evidence in the case and that, following the rule of this court, where there is a conflict in the evidence and the jury passes on the evidence, and the testimony tends to support the findings of the jury, the verdict will not be disturbed. We therefore recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 39 Cyc. p. 1967. (2) 4 C. J. p. 852; 39 Cyc. p. 1976.