No. 27,816.

KENNETH E. GUY, *Appellant*, v. PAT GOULD, J. C. WILSON, et al.,
*Appellees*.

(266 Pac. 925.)

Opinion filed May 5, 1928.

*J. W. Smyth, B. F. Alford* and *W. H. Jones*, all of Wichita, for the appellant

No appearance was made for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by a landlord to recover from a tenant, who abandoned the leased premises and ceased to pay rent, the difference between the stipulated rent and the amount the landlord was able to obtain for use of the premises by reletting them to various temporary tenants. Plaintiff was denied full recovery and appeals.

There were two inconsistent defenses: Consent of the landlord to surrender by the tenant, and eviction of the tenant by the landlord. The abstract states there was no evidence of eviction. The jury were asked to state what plaintiff did to constitute eviction, and the special question was not answered. Therefore, the verdict and judgment do not rest on eviction.

The jury found the tenant surrendered with the consent of the landlord because the landlord did not consult the tenant with respect to reletting, did not notify the tenant of the terms of the re-lettings, and did not notify the tenant what he would be expected to pay, or that he would be held for the difference. A tenant may not, by abandoning the premises and ceasing to pay rent, relieve himself of obligation to pay rent. He cannot reap an advantage from his own breach of the contract. If he desires to surrender he

must secure the landlord's consent, and if he alleges surrender he must establish unequivocal manifestation of consent on the part of the landlord to termination of the relation of landlord and tenant. When a tenant abandons leased premises and ceases to pay rent a landlord is not privileged to collect stipulated rent in full if he can make the premises earn something by reletting them. The tenant does not need to be told what his obligation is. He knows it is to pay rent to the end of the term, according to the covenant of the lease. Therefore reletting does not establish release of obligation to pay rent, and notice of reletting is not necessary to prevent surrender. All this has been said before, in the opinions in the cases of *Brown v. Cairns,* 63 Kan. 584, 66 Pac. 639, and *Hoke v. Williamson,* 98 Kan. 580, 158 Pac. 1115.

In the opinion in the case of *Rogers v. Dockstader,* 90 Kan. 189, 133 Pac. 717, appears the following:

"In *Engstrom v. Tyler,* 46 Kan. 317, 26 Pac. 735, it was held to be a good defense to an action for rent that during the term of the lease the landlord entered and took possession and leased to various parties and collected and retained the rent." (p. 193.)

This statement of the effect of the decision in the Engstrom case is incorrect. The material portion of the opinion reads:

"While this answer is not well drawn, yet we think it states a cause of defense at least to some part of the plaintiff's claim." (*Engstrom v. Taylor,* 46 Kan. 317, 318, 26 Pac. 735.)

The items of plaintiff's claim were not disputed, and he is entitled to the full amount prayed for. The cause is remanded to the district court with direction to modify the judgment accordingly. As modified, the judgment is affirmed.