## STATE NATIONAL BANK of SHAWNEE v. WOODWARD.

No. 18252. Opinion Filed March 26, 1929.

Goode & Dierker, for plaintiff in error.

A. M. Baldwin, for defendant in error.

DIFFENDAFFER, C. The parties hereto are in the same relative position as in the court below.

Plaintiff commenced the action by filing its petition, affidavit and bond in replevin, to recover the possession of a certain automobile upon which plaintiff held a chattel mortgage to secure a part of the purchase price. Plaintiff became the owner of the note and mortgage by assignment from the Green-Johnson Motor Co., a dealer in Ford automobiles. The notes which the chattel mortgage was given to secure were 12 in number dated May 9, 1925, and due, one

on the 15th day of each succeeding month, beginning June 15th, and were for $41.43 each.

The controversy arose over the fifth note of the series, which fell due October 15, 1925. Plaintiff alleged and here contends that defendant failed and refused to pay $9.56 of the note. Defendant admitted the execution of the notes and mortgage, pleaded that all notes which were due had been paid in full at the time the action was commenced, and that plaintiff was therefore not entitled to the possession of the car. He also pleaded wrongful taking and detention of the automobile in the present action, and prayed for its return and damages for its detention at the rate of $5 per diem. At the trial he amended by alleging the value of the automobile to be $450, and asked for its return, or, in case it could not be returned, for its value, and for damages for its detention.

Plaintiff replied by general denial. The cause was tried to a jury, resulting in a verdict in favor of defendant for possession of the car, fixing the value thereof at $350, and for $150 damages. Plaintiff filed its motion for a new trial, including as a ground therefor newly discovered evidence. The motion was overruled, and from this order and judgment based upon the verdict, and also allowing defendant an attorney fee of $50, plaintiff appeals.

There are nine assignments of error, but these are all covered in five propositions presented in the brief. The first is that the verdict is not supported by and is contrary to the evidence. Plaintiff devotes several pages of its brief to the proposition, but there is no serious effort to show anything more than a conflict in the evidence. As heretofore stated, the controverted question of fact is whether or not defendant had paid the full amount of the note which fell due October 15, 1925. Plaintiff contends that defendant had not paid the full amount of the note. The evidence of plaintiff, though not clear, tends to show that there was unpaid on this note the sum of $9.56. On the other hand, defendant testifies positively that he had paid all of that note. There was some evidence which tended to show that he had paid some more than that. On this question, the record shows a conflict in the evidence, and the rule is well established that where in a jury case, a controverted question of fact as to payment is submitted to a jury under proper instructions upon conflicting evidence, the verdict of the jury will not be

set aside as not being supported by the evidence. Robertson v. Chapel, 116 Okla. 217, 243 Pac. 931. The verdict being for defendant for the possession of the automobile, there inheres in the verdict a finding that the note in question had been fully paid at the time the action was commenced. In such cases, the verdict of the jury is conclusive as to such facts.

It is next contended that the court erred in refusing to grant plaintiff a new trial on account of newly discovered evidence. The alleged newly discovered evidence is that of one Norman Calvin, who it appears collected part of the money paid by defendant on the notes sued upon. He and Frank V. Sims were handling the collections for plaintiff. The affidavit of Calvin as to what his evidence would be is in the record.

The particular item to which the alleged newly discovered evidence relates is a payment of $83.60 claimed to have been made by defendant to Calvin on August 14, 1926, and for which he took a receipt, which receipt was produced at the trial. It was claimed by defendant that this payment was to cover two of his notes, one of which fell due July 15th, and the other August 15th. The whole controversy appears to have arisen over this payment and how the money was and should have been applied.

Plaintiff contends that of this $83.60 but $53 was in fact paid by defendant on his own note, and that the balance, $30.60, was money that Woodward had collected from one V. V. Dungan on an indebtedness owed by Dungan to some motor company for which Sims and Calvin were also collecting. Now, the plaintiff well knew the issue in the case was that of payment. It must have known that Calvin had collected a part of the notes, for, in addition to the payment in question, it appears in evidence that, on September 14th, he collected and turned in $41.43 representing the amount of the note which fell due September 15th. They then knew that Calvin was a material witness in the case. His affidavit shows that he resides in Shawnee. No diligence whatever is shown by plaintiff to discover what his evidence would be, or to secure his attendance as a witness. By the affidavit of W. R. Johnston, active vice president of the plaintiff bank, it is shown that on the day of the trial the witness was not in the county but was in Seminole county. The trial was on October 13th, and the affidavit shows that plaintiff learned all about what the evidence of Calvin would have been on Oc-

tober 14th. No suggestion was made at the time of the trial that Calvin was an important witness; nor was any surprise announced when defendant testified that this $83.60 was to be applied on two of his notes; nor was any continuance or postponment asked that Calvin might be procured. The very receipt which Calvin gave defendant shows that it was for "two pmts on car." The slightest diligence on the part of plaintiff would have discovered whatever Calvin knew and had him at the trial. The showing of plaintiff wholly fails to comply with the third condition laid down by this court in Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; that is, that the newly discovered evidence must be such as could not have been discovered before the trial by the exercise of due diligence.

We are also of the opinion that the showing of plaintiff is insufficient under the rule as to the alleged evidence complying with the first condition laid down in Eskridge v. Taylor, supra:

"It (the newly discovered evidence) must be such as would probably change the result."

In the first place the witness would be called upon to impeach his own receipt which he signed showing that the $83.60 was for "two pmts on car." He would also be called upon to explain how it came that he dated the receipt 8-12-1925, when in his affidavit he says he collected it on July 12th. He would also probably be called upon to explain how it could be that, if he collected the money on July 12th, as stated in the affidavit, defendant requested him to apply part of the money on his past-due note, which was admittedly not due until July 15th.

Clearly there was no error in overruling the motion for new trial on the grounds of newly discovered evidence.

The next proposition is that the court erred in denying plaintiff leave to amend its motion for new trial by verifying same. Plaintiff was not prejudiced by this ruling since it is shown that its motion would have been wholly insufficient even though it had been verified.

It is next contended that the court erred in not granting plaintiff a new trial because of errors occurring during the trial of the cause. Under this proposition, plaintiff undertakes to present alleged errors in the instructions given to the jury. An examination of the record will disclose that plaintiff excepted to but one instruction, No. 7.

The rule is well established in this state that this court will not consider alleged errors in instructions to the jury where the party asserting such error fails to except to the instruction and have the exception noted thereon in the manner provided by law. Instruction No. 7 was as follows:

"But, on the other hand, if you fail to find by a preponderance of the evidence that there was nothing due upon said notes at the time plaintiff brought its action, then your verdict should be for the plaintiff for the possession of the car in question."

While this instruction is somewhat awkward, in that it places plaintiff's right to recover rather in the negative, that is to say, if the jury should fail to find there was nothing due upon the notes at the time plaintiff filed its action, then the verdict should be for the plaintiff, yet, when this instruction is taken in connection with the others which show that the court placed the burden of proving the payments claimed by defendant upon the defendant, it is not misleading in that it tells the jury in fairly correct language that if they should find that defendant had failed to prove by a preponderance of the evidence that he had made the payments as claimed, then their verdict should be for the plaintiff. We do not think there was sufficient error in the instructions to justify a reversal of the judgment on that ground.

The next proposition is that the court committed error in rendering judgment against the plaintiff for $50 attorneys' fee.

In this we think the plaintiff is correct. It appears from the journal entry of judgment that the motion for new trial was heard and overruled on the 4th day of November, 1926, and thereafter, on the 6th day of December, 1926, the hearing was had upon the application of defendant to include in the judgment theretofore rendered the sum of $50 as a reasonable attorney's fee for the benefit of the defendant, and that the court, after hearing the testimony of A. M. Baldwin and having been fully advised in the premises, finds that the defendant is entitled to have included in the judgment theretofore rendered the sum of $50 as a reasonable attorney's fee. Judgment therefore was accordingly rendered. This proceeding appears to have been purely ex parte. No notice whatever was served upon the plaintiff of the hearing on the application to modify the judgment by adding thereto the $50 attorney's fee. No opportunity was allowed the plaintiff to be heard on this point, and to give evidence in opposition thereto as to the

right to and the reasonableness of the attorney fee. We do not wish to be understood as passing upon the right of defendant to an attorney's fee in this case, under any circumstances, but we think either party interested has as much right to be heard on the question of attorney's fee as upon any other phase of the case.

The judgment of the trial court should be modified by striking therefrom provisions · for the $50 attorney's fee, and in all other respects should be affirmed.

TEEHEE, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.