No. 29,542.

JOHN W. LAWSON, *Appellee,* v. C. E. CALLAWAY, *Appellant.*

(293 Pac. 503.)

Opinion filed December 6, 1930.

*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellant.
*J. B. Wilson,* of Lawrence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to recover on a contract for the payment of rent on real property. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The action was tried without a jury, and findings of fact and conclusions of law were made as follows:

"In September, 1928, the plaintiff, J. W. Lawson, rented to the defendant, C. E. Callaway, a residence property in the city of Lawrence, Kan.

"The lease, which is in evidence as exhibit No. 1, and which is made a part of these findings by reference, was for a term of two years with rent at the rate of $50 per month, payable in advance.

"The lease contains a provision to the effect that Callaway shall not lease or assign the lease without Lawson's written consent.

"Sometime in September, 1929, Callaway advised Lawson that he intended to move out of the house and requested Lawson to give him written consent authorizing him to sublet the property. Lawson refused to give such written consent unless a tenant was forthcoming who was acceptable to him.

"Callaway vacated the house about the middle of September, 1929, and soon thereafter a man by the name of Creason approached Lawson with a

view of leasing the house. Lawson did not rent to him, saying that the house was already rented. Creason was probably sent to Lawson by Callaway, but the testimony does not reveal that Lawson knew of such fact.

"At no time did Callaway request of Lawson permission to sublet the house to any particular person.

"Lawson has not made any effort to secure a tenant for the property since Callaway vacated it.

"Callaway failed, neglected and refused to pay any rent on the property since he vacated it, although demand has been made therefor by Lawson.

"Three months rent, or $150, was due on December 19, 1929.

### "Conclusions of ·Law.

"The plaintiff, J. W. Lawson, was not, under the terms of the lease, bound to give his written consent to Callaway permitting him to sublet to some other person unless he wanted to do so.

"Lawson was not bound, under the terms of the lease, to take any steps towards renting the property to anyone even though he knew Callaway had vacated it."

*Brown v. Cairns,* 63 Kan. 584, 66 Pac. 639, was an action to recover rent. The court there said:

"It is a general rule that after a wrong has been committed it is the duty of the injured party to make reasonable efforts to prevent an increase or extension of the injury, and if he fails to do so he cannot recover for such increased injury." (p. 588.)

*Hoke v. Williamson,* 98 Kan. 580, 158 Pac. 1115, was another action to recover rent from a tenant who had vacated leased property. There the trial court instructed the jury as follows:

"The jury are instructed that when the defendant quit the said premises it was then the duty of the plaintiff Hoke to lessen his loss by renting said rooms to some other person . . ." (p. 581.)

This court said that the instruction contained a fair statement of the law.

*Steinman v. Tailoring Co.,* 99 Kan. 699, 163 Pac. 452, was another action to recover rent. This court there used the following language:

"Counsel are correct in their contention that it was the duty of the plaintiff to use ordinary diligence to minimize the damage caused by the defendant's abandonment of the lease." (p. 703.)

*Guy v. Gould,* 126 Kan. 25, 266 Pac. 925, was another action to recover rent from a tenant who had abandoned the premises. The court there said:

"When a tenant abandons leased premises and ceases to pay rent a landlord is not privileged to collect stipulated rent in full if he can make the premises earn something by reletting them." (p. 26.)

*Wilson v. National Refining Co.*, 126 Kan. 139, 266 Pac. 941, was an action to recover damages for the abandonment of leased premises. The court there declared that—

"In an action for damages by a lessor against a lessee, where the lessee surrenders his lease and abandons the premises and the lessor relets the premises to a third party, the measure of damages is the difference between the contract price for the remainder of the term and the amount for which the lessor is reasonably able to relet the premises to a third party, unless other elements may be involved." (Syl. ¶ 5.)

Authorities are cited in the opinion in that case declaring the rule that—

" 'Where a party seeks redress for the wrong of another, the law requires that he shall do whatever he reasonably can and improve all reasonable opportunities to avoid the consequences and to lessen the injury.' " (p. 144.)

While the rule declared in Kansas appears to be in conflict with the weight of authority in the United States, it has been so long declared and so consistently followed that it has become a rule of property and should not now be overruled.

The judgment is reversed and a new trial is directed.