## DIXON v. DALTON.

No. 22360.  Opinion Filed June 14, 1932.

Rehearing Denied July 12, 1932.

R. J. Roberts and Kelley & Grigsby, for plaintiff in error.

C. C. Hatchett and Don Welch, for defendant in error

McNEILL, J.  This is an appeal from a judgment rendered by the district court of Marshall county.  The parties will be re-

ferred to as they appeared below. The plaintiff, B. F. Dalton, instituted an action against the defendant, J. L. Dixon, for recovery of damages for breach of a certain written contract entered into between said parties. The contract provided that plaintiff was to obtain a block of 1,500 acres of oil and gas leases for defendant in a certain specified area in said county, and that defendant would drill a well on said block of leases to a total depth of 2,500 feet, unless oil or gas should be discovered in paying quantities at a lesser depth. After the leases were obtained, the defendant was to spud in the well and continue drilling operations with due diligence to completion. Said contract also provided, "In the event the required amount of acreage is not obtained, Dalton is authorized to turn the leases back to the lessors, provided that first party shall have the option if he so elects to complete this contract, and have said leases placed in escrow in the bank in the event a lesser amount of acreage is obtained than herein mentioned." The leases were made to the defendant as lessee.

It appears that the parties ignored the escrow provisions, and that plaintiff delivered leases with an acreage of about 1,237.50 acres. Plaintiff alleged that after the delivery to said defendant of the leases in excess of 1,200 acres, said defendant in compliance with his agreement with plaintiff executed and delivered to plaintiff an assignment of an undivided 1/16th interest in said acreage and contracted and agreed to assign an undivided 1/32nd interest in the lease on the 80 acres where the well was started and by reason of the breach of the contract prayed judgment against said defendant for the sum of $25,000.

The defendant filed a general denial, specifically denying that he abandoned the drilling of the test well, and averred that he had at all times been able, ready, and willing to proceed with the drilling and completion of said test well upon full compliance of the plaintiff with the terms and conditions of his agreement to assemble and deliver to defendant valid oil and gas mining leases covering in the aggregate 1,500 acres of land in the designated area in said county. Said defendant also alleged that he placed the drilling rig, machinery, tools, and equipment for the drilling of said well upon said block of leases, relying upon the representations of said plaintiff to furnish said acreage and did drill the well to a depth of about 40 feet; that, after said well had been drilled to said depth, plaintiff delivered to this defendant said oil and gas mining leases assembled by plaintiff, and it was not until then that defendant ascertained that plaintiff had not assembled said leases in excess of 1,500 acres, as provided for in said contract, and that said acreage covered less than 1,200 acres; that thereupon said defendant ceased drilling operations and informed plaintiff that he would not resume the drilling and completion of said well until the plaintiff assembled and delivered to defendant leases to aggregate 1,500 acres provided for by the terms of said memorandum agreement; that by reason of the failure, neglect, and refusal of the plaintiff to assemble and deliver to defendant the agreed acreage, said defendant was not legally liable nor bound to perfect the terms and conditions of said memorandum agreement and prays under a cross-petition for affirmative relief in the sum of $2,500 against plaintiff and for the costs and expenses incurred by said defendant for failure of plaintiff to comply with said agreement.

The cause came on for trial and the trial court held that the contract between plaintiff and defendant had been accepted by defendant as a matter of law, and only submitted the question of damages to the jury, covering the cost of drilling a well to the depth of 2,500 feet. The jury returned a verdict in favor of the plaintiff and against the defendant in the sum of $11,250.

The defendant urges that the trial court committed error in holding as a matter of law that the defendant had accepted the performance of the contract; that it was breached by the defendant and that the court erred in its instruction as to the measure of damages. On this latter question we consider it unnecessary to discuss at length the same. Suffice it to say that no exception was taken to a single instruction. Not having requested an instruction embracing a proper rule on the measure of damages, nor having objected to the instruction given on this question, defendant should not now be permitted to urge as error the giving of the instruction on the measure of damages. However, it appears that the trial court, after instructing the jury, stated, "to all of which both sides may have their exceptions to each and every instruction given." This court has often announced to the bar that such an exception is too general to be sufficient. See Bank of Cherokee v. Sneary, 46 Okla. 186, 148 P. 157; State National Bank of Shawnee v. Woodward, 136 Okla. 26, 275 P. 1045; Schwarze v. New Amsterdam Casualty Co., 136 Okla. 51, 275 P. 640.

The measure of damages in this case was the reasonable cost of drilling such well at the time and place and to the required depth. This court has often approved this rule: See North Healdton Oil & Gas Co. v. Skelly, 59 Okla. 128, 158 P. 1180; Ardizonne v. Archer, 72 Okla. 70, 178 P. 263; Eysenbach v. Cardinal Petroleum Co., 110 Okla. 12, 236 P. 10; Cosden Oil & Gas Co. v. Moss, 131 Okla. 49, 267 P. 855; Lorraine Petroleum Co. v. Bartlett, 138 Okla. 8, 280 P. 286.

In view of the record that the defendant accepted the leases, filed them for record, assigned some of them to others, listed the same for sale with brokers, and traded 40 acres of same for a rig, we do not consider that there is any merit to the contention now urged by the defendant that he did not agree to drill the well. The consideration provided for in the agreement for the drilling of the well was the delivery of the leases in question. There was no rescission of the contract on the part of the defendant. The defendant retained the leases, and, after the instant suit was filed, drilled the well to a depth of at least 40 feet. The defendant, at least, accepted the benefits of partial performance on the part of the plaintiff and by his course of action indicated an intention to be bound by the contract. Under such conditions he could not escape the burdens of the contract. Appleman v. Peppis, 117 Okla. 199, 246 P. 225.

We hold that in this case the question of acceptance of the contract by the defendant was a question of law for the determination of the court, and there was no error on the part of the trial court in holding that the defendant accepted partial benefits under said contract. There was no error in submitting the question of damages to the jury. The instructions embodied the law applicable thereto.

Judgment affirmed.

RILEY, HEFNER, ANDREWS, SWINDALL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and CULLISON, J., absent.