No. 38,586

CLINTON M. SWISHER, *Appellant*, v. CLAUD H. BECKETT and NANCY E. BECKETT, *Appellees*.

(242 P. 2d 831)

Opinion filed April 12, 1952.

*Dwight H. Moore*, of Greensburg, argued the cause and was on the briefs for the appellant.

*Steve W. Church*, of Greensburg, was on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order sustaining a demurrer to an amended petition in an action for damages for breach of a contract to convey real estate.

The facts as alleged in the amended petition are these:

On March 29, 1950, plaintiff and defendants entered into an oral contract wherein it was agreed that plaintiff would purchase and defendants would sell certain described lots in the city of Greensburg for the sum of $1,500, and that upon payment of such consideration defendants would convey to the city a ten-foot strip off of certain other lots owned by them for use as an alleyway. On August 3, 1950, plaintiff and defendants entered into a written contract covering that portion of their prior oral agreement relating to the sale of the lots to plaintiff. Through mutual mistake of the parties this written contract omitted all reference to the oral agreement pertaining to the conveyance by defendants to the city of the ten-foot strip in question, notwithstanding that it was intended by all parties that it should embody and include the whole of such oral agreement previously entered into.

A copy of the written contract was attached to and made a part of the amended petition. It is dated March 7, 1950, but it is

claimed by plaintiff that such date was erroneously inserted through the mutual mistake of the parties, and that in truth and in fact the written contract was not executed until August 3, 1950.

On numerous occasions subsequent to the execution of the written contract, but prior to payment in full by plaintiff for the lots which were to be conveyed to him, defendants promised and agreed that upon full payment by plaintiff they would carry out the remaining portion of the oral agreement of March 29, 1950—namely, they would convey the ten-foot strip to the city.

On August 10, 1950, plaintiff paid the balance of the $1,500 consideration, whereupon defendants conveyed to him the lots in question and delivered possession thereof.

Notwithstanding full performance by plaintiff, the defendants, in violation of their oral agreement made both prior and subsequent to the execution of the written contract, and despite urgent requests and demands for the same by plaintiff, failed, neglected and refused to convey the ten-foot strip to the city.

In the meantime plaintiff erected a dwelling house on the lots purchased from defendants, and in so doing it was necessary that it be connected with various utilities, including water, gas and electricity. Finally, on February 6, 1951, plaintiff filed this action, claiming actual damages in the amount of $300 based upon the alleged increased expenses incurred by him in connection with the securing of adequate utility connections, together with the fact his property had been diminished in value due to the placement of unsightly light poles "before said dwelling," all of which was alleged to have been caused by the refusal of defendants to carry out their oral agreement with reference to the conveyance to the city of the ten-foot strip to be used as an alleyway. Plaintiff also sought punitive damages in the amount of $1,000 on account of the alleged malicious and wanton disregard of his rights and feelings.

On the day the action was filed, but subsequent to the hour of its filing, defendants conveyed the ten-foot strip to the city in belated accordance with their prior alleged oral agreement.

Defendants demurred to the amended petition on the ground it did not state facts sufficient to constitute a cause of action. This demurrer was sustained and plaintiff has appealed.

We have no way of knowing the particular ground upon which the demurrer was sustained. In their briefs counsel discuss a number of matters, such as the admissibility of oral evidence to vary

and expand the terms of the written agreement, the fact that plaintiff nowhere in his amended petition asks for reformation of the written contract, and whether plaintiff states a case for damages in the first instance.

As we read the amended petition the matter narrows down to this: The parties entered into a written contract which was entirely silent with reference to the alleged oral agreement of defendants to convey the ten-foot strip to the city. It therefore follows that before plaintiff can obtain any relief the written contract must be reformed so as to include those matters which he claims were omitted through mutual mistake.

Conceding, but not deciding, that the amended petition states a cause of action for reformation we still are faced with the question whether it states a cause of action for damages.

On August 10, 1950, plaintiff completed his end of the deal by paying the full purchase price, and defendants promptly conveyed the lots to him. At that time, and subsequent thereto, he knew and was claiming that they were in default of their alleged oral agreement concerning the conveyance of the ten-foot strip to the city. Notwithstanding the existence of this alleged breach he went ahead and erected a house on the lots and now claims that he has been damaged because of the delay and refusal of defendants to carry out the alleged oral agreement, and on account of the placement of unsightly light poles "before said dwelling."

Aside from the fact it is not alleged that the light poles could not have been placed in a different location with reference to the house, such as in the rear or on that portion of plaintiff's lots which, together with the ten-foot strip in question, would have formed the alleyway, we think that under the facts alleged plaintiff is in no position to claim damages.

In the face of conditions as he found them, and despite the continued breach by defendants, plaintiff went ahead and constructed his house and placed the light poles in such location as to diminish the value of his property. It is a general rule of law that one may not recover for damages of his own creation. One who is injured by the breach of a contract ordinarily must use reasonable efforts to minimize his damages. In *Town Co. v. Leonard*, 46 Kan. 354, 26 Pac. 717, 26 A. S. 101, it was said:

"Where a party seeks redress for the wrong of another, the law requires that he shall do whatever he reasonably can, and improve all reasonable opportunities to avoid the consequences and to lessen the injury." (Syl. ¶ 2.)

In *Atkinson v. Kirkpatrick*, 90 Kan. 515, 135 Pac. 579, this court said:

"It is a rule of the law of damages that notwithstanding the fault of the other party the one who is injured in person or property will not be permitted to recover damages which might have been averted by reasonable diligence." (p. 519.)

See, also, *Wilson v. National Refining Co.*, 126 Kan. 139, 266 Pac. 941; *Lawson v. Callaway*, 131 Kan. 789, 293 Pac. 503; *Lips v. Opp*, 150 Kan. 745, 748, 96 P. 2d 865; 15 Am. Jur., Damages, § 27, p. 420; and 25 C. J. S., Damages, §§ 32, 33 and 34, pp. 499 to 506, as bearing on the general rule that there is a duty upon one who has been damaged or injured by the breach of a contract to minimize his damages, and that he will not be permitted to recover for damages which he might have averted.

Construing the amended petition in its most favorable light we have no difficulty in concluding that it fails to state a cause of action against defendants for damages. The ruling of the lower court in sustaining the demurrer is therefore affirmed.