No. 40,018

In the Matter of the Estate of Grant A. Stannard, Deceased. FAYE C. STANNARD, Executrix, *Appellant,* v. FLOSSIE MAY REYNOLDS, *Appellee.*

(295 P. 2d 610)

Opinion filed April 7, 1956.

Robt. L. NeSmith, of Wichita, argued the cause, and Howard T. Fleeson, H. V. Gooing, D. Wayne Coulson, and Paul R. Kitch, all of Wichita, were with him on the briefs for the appellant.

Robert M. Siefkin, of Wichita, argued the cause, and George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Richard C. Harris, and Gerald Sawatzky, all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The present appeal is from an order of the district court striking a part of defendant's answer and arises under the circumstances later set forth.

Grant A. Stannard died testate on November 12, 1951, and on December 7, 1951, his widow, Faye C. Stannard, was appointed as the executrix of his will and estate. On June 23, 1952, Flossie May Reynolds filed her petition in the probate court for allowance of her demand against the estate of Stannard in which she alleged that on January 12, 1951, Stannard in his lifetime entered into an oil and gas lease with her, a copy of which was attached and made a part of the petition, which provided:

" 'It is a part of the consideration and covenants of this lease that the lessee will commence and drill a well with due diligence to the Wilcox Sand, unless oil or gas is found in paying quantities at a lesser depth';"

that the decedent in his lifetime breached the agreement and his estate had wholly failed to comply with its provisions, and that no well was commenced or drilled to the Wilcox sand and no oil or gas was found in paying quantities at a lesser depth, and that petitioner had suffered damage in the amount of $20,000, the reasonable cost of drilling such a well, and petitioner asked that her demand be allowed for that sum.

We need note the oil and gas lease only to state that it is dated January 12, 1951, and that under it Flossie May Reynolds for a stated consideration of $1.00 and other good and valuable consideration leased a forty acre tract in Creek County, Oklahoma, to Grant A. Stannard for a term of one year for oil and gas purposes

and that the last paragraph preceding the witnessing clause is the provision above quoted.

Faye C. Stannard, executrix, filed an answer in the probate court in which she admitted her residence, and for present purposes, denied generally. It may be noted her answer in the probate court contained no allegations similar to those stricken from her amended answer later mentioned.

As the result of a hearing in the probate court, the demand was allowed in the sum of $12,750 on May 6, 1953, and in due time and on May 28, 1953, the executrix appealed to the district court.

In the district court, with leave of the court, the executrix filed an amended answer containing a demurrer on the ground a cause of action was not stated, and admissions and denials not of present importance. The sixth and seventh paragraphs alleged:

"*Sixth.*

"Further answering in the alternative and without waiving any defenses hereinbefore pleaded, respondent alleges and states: That it was the duty of the petitioner to minimize and avert any claimed damages to herself or to her property after the alleged breach of the terms of said lease by the said Grant A. Stannard, Deceased, and this respondent. Notwithstanding the foregoing, said petitioner took no appropriate measures readily available to her to mitigate and avert any alleged damages claimed in her petition for allowance of demand, in that said petitioner did, and before any well had been commenced upon the property of said petitioner and on or about the 12th day of May, 1952, refuse a proposal of this respondent as executrix, for herself individually and other heirs of said decedent, to drill a well under a lease containing terms identical with the terms of the alleged lease attached to said petition and marked Exhibit 'A', except said proposal provided that a well would be commenced within sixty to ninety days in lieu of one year, and this respondent was at that time and at all times material thereafter, ready, willing and able to drill said well as aforesaid.

"*Seventh.*

"After said refusal of the proposal aforesaid, and on or about the 15th day of September, 1953, the petitioner granted an oil and gas lease to one R. C. Halliburton, the express consideration being $1.00, a copy whereof is hereto attached, marked Exhibit 'A', and made a part of this answer. By such act, petitioner further disabled herself from mitigating or averting her alleged damages. Respondent is informed and believes, and therefore alleges as a fact, said lease expired by reason of the fact no well was commenced upon the demised premises on or before September 15, 1954.

"Defendant is informed and believes, and therefore alleges as a fact, that subsequent to September 15, 1954, a well was drilled to completion on the property of petitioner, which well was and is a producing well."

The claimant filed her motion to strike the amended answer for

three reasons. The first is presently immaterial. The second was that the answer contained allegations in paragraphs six and seven that were inadmissible on the trial and prejudicial to claimant and the third was in the alternative that if the court should fail to strike the whole answer, all but the first sentence of paragraph six and all of paragraph seven should be stricken. The trial court sustained the motion as to the second and third reasons. Thereafter the executrix perfected her appeal to this court.

Before discussing the contentions of the parties we note the following. Appellant presents her contentions as though all of the sixth and seventh paragraphs of the answer had been stricken in their entirety, and indeed the ruling of the trial court was to that effect. The appellee presents her contentions as though all that was stricken of the sixth paragraph of the answer was that part after the first sentence, and that was what the third ground of its motion asked, and which the trial court sustained. In our opinion literally read the ruling of the trial court as reflected in the journal entry, is contradictory and conflicting. We resolve that conflict by holding that paragraph six of the answer was stricken only insofar as it contained allegations inadmissible on trial, and that the only part stricken is that following the first sentence, and that the allegation it was the duty of the petitioner to minimize and avert any claimed damages to herself after the alleged breach by Stannard, remains in the answer. The question then remains whether the portion stricken constitutes a defense or defenses which were improperly stricken.

Appellant directs attention to the general rule that one injured by reason of a breach of contract by another is bound to exercise reasonable care to avoid loss or minimize the resulting damage, and that to the extent the damage is the result of his active and unreasonable enhancement thereof or due to his failure to exercise such care and diligence he cannot recover, or, as sometimes stated, he is bound to protect himself if he can do so with reasonable exertion or at trifling expense and can recover from the delinquent party only such damages as he could not, with reasonable effort, have avoided, as more fully stated in 15 Am. Jur. 420. She also directs our attention to Kansas decisions where that general rule has been recognized such as *Swisher v. Beckett*, 172 Kan. 711, 242 P. 2d 831, and authorities cited, and to Oklahoma decisions such as *Smith-Horton Drilling Co. v. Brooks*, 199 Okla. 63, 182 P. 2d 499, where it was held that one injured by another's act must do that which an ordinary prudent

person would do under similar circumstances to mitigate or lessen damages, although he is not required to unreasonably exert himself or incur an unreasonable expense. She recognizes that the general rule she relies on and the rule in Kansas and Oklahoma are fundamentally the same. She also cites *Consolidated Cut Stone Co. v. Seidenbach,* 181 Okla. 578, 75 P. 2d 442, and 15 Am. Jur. 802, in support of a contention that whether an injured person could have lessened his damages is a question for the jury or trier of the facts.

We need not dwell upon the above rules for it may be conceded they correctly state the law. Whether they are applicable to the present situation remains for consideration.

The duty of the injured party to minimize or lessen damage presupposes that he has been damaged. It has been held in Oklahoma that the measure of damages for breach of a contract for the drilling of an oil and gas well is the reasonable cost of drilling such well at the time and place fixed and to the required depth. See *Dixon v. Dalton,* 158 Okla. 178, syl. ¶ 2, 12 P. 2d 1108, and other Oklahoma cases cited in an annotation appearing in 122 A. L. R. 458, 460. And, although the facts therein must be considered, the same rule was followed by this court in the recent case of *Gartner v. Missimer,* 178 Kan. 566, 290 P. 2d 827. Under that rule where a contract for a consideration provided that a well was to be drilled on a particular tract of real estate within a fixed period of time, the damage from failure to drill became fixed at the expiration of the term and the injured party's cause of action accrued.

In the situation presented by this appeal we are not called upon to decide whether the damage fixed by expiration of the term for performance may not, under particular circumstances, be subject to the duty of the injured party to mitigate or minimize the damage. What we are to decide is whether the particular matter pleaded and stricken may be urged as a defense.

With reference to the allegations in the sixth paragraph of the answer it may be observed that the substance thereof is that on May 12, 1952, which was four months after the lease had expired, the executrix of Stannard's estate and his heirs, proposed to the claimant Reynolds that she give them a new lease on the real estate one of the considerations of which was that the lessees drill a well within sixty to ninety days. In other words, the executrix and the heirs offered performance only on conditions that they be granted new and additional rights. Had the offer been an unqualified one

to drill the well, a situation might have been presented where the claimant could not arbitrarily reject, but that was not the case. Had the proposal made been accepted, it would have been detrimental to claimant for she would have done no more than exchange an accrued cause of action for another leasing and drilling contract prejudicing her own interests and not giving any more assurance of a well being drilled than she already had. The claimant had no duty to accept the proposal of the executrix and the heirs.

With reference to all of the allegations in the seventh paragraph of the answer it is to be observed first that the claim was filed in the probate court on June 23, 1952, was allowed in the probate court on May 6, 1953, and an appeal to the district court was perfected on May 28, 1953. The allegations are that the Halliburton lease was not made until September 15, 1953, almost four months after the case reached the district court, and that that lease expired September 15, 1954, no well being commenced. The copy of the lease attached to the answer discloses the lands were leased for the purpose of exploring for gas and oil. It did not require the drilling of a well but provided that if one was not commenced by October 15, 1953, the lease was null and void. The allegation of the answer that the lease expired September 15, 1954, conflicts with the terms of the lease as to date of expiration and the lease controls. The further allegation is that subsequent to September 15, 1954, a well was drilled which was a producer. Bearing dates in mind, we cannot discern how the allegations of the seventh paragraph can have any bearing on any duty the claimant may have had to mitigate her damages.

Giving attention to the rule that a person injured by breach of a contract is bound to exercise reasonable care to avoid loss or minimize the resulting damage where he can do so with reasonable exertion or at trifling expense, as well as the dates of events urged, we are of opinion, as a matter of law, that the allegations stricken from the answer fail to disclose that the person injured failed in any manner to comply with the requirements of the rule and to state a defense.

In our opinion the trial court did not err in striking all that part of the sixth paragraph after the first sentence, and all of the seventh paragraph of the answer, and its ruling so doing is affirmed.