No. 21,488.

THE GREAT WESTERN MANUFACTURING COMPANY, *Appellant,* v. G. A. PORTER and THE HOXIE FARMERS' UNION CO-OPERATIVE ASSOCIATION, *Appellees.*

SYLLABUS BY THE COURT.

1. BUILDING CONTRACT—*Guaranty of Payment—Recitals in Minutes of Corporation as Evidence—Ratification.* The plaintiff furnished to a building contractor certain machinery supplies for an elevator upon receipt of a letter from the secretary of the elevator association that the latter would guarantee the payment of the supplies. The minutes of the corporation recited:

"DIRECTORS MEETING, Oct. 2d, 1915.

"The Secretary is hereby instructed to write the Great Western Manufacturing Company, . . . that the . . . Association will guarantee the payment of machinery going into the elevator now under construction by G. A. Porter, under contract."

Manufacturing Co. v. Porter.

The by-laws of the association provided for monthly meetings at which all officers should submit statements showing all transactions since the last meeting. The corporate minutes and the secretary's action stood unchallenged for several months and until the association was called upon to pay under its guaranty. *Held*, that the minutes of the corporate record could not be impeached by the parol evidence of the directors who did not remember the directors' meeting or what transpired thereat; that the association is estopped to dispute the accuracy of its corporate minutes; that by inaction of the board of directors at their subsequent monthly meetings the association acquiesced in and ratified the conduct of the secretary.

2. SAME—*Notice of Acceptance of Guaranty Unnecessary.*   Notice of an acceptance of a guaranty is not necessary; compliance or performance by the party for whose protection the guaranty is given is sufficient—following *Platter v. Green*, 26 Kan. 252.

3. SAME—*Judgment against Guarantor Ordered.*   Where all the controlling facts to determine a liability are established, and the defense to the liability wholly fails, a new trial is unnecessary, and final judgment on the liability should be ordered.

Appeal from Sheridan district court; CHARLES I. SPARKS, judge.   Opinion filed May 11, 1918.   Reversed.

*F. A. Sloan,* of Hoxie, and *W. W. Hooper,* of Leavenworth, for the appellant.

*C. L. Thompson,* of Hoxie, for the appellees.

The opinion of the court was delivered by

DAWSON, J.:   The plaintiff manufacturing company brought this action to recover the purchase price of certain machinery installed by the defendant, G. A. Porter, in an elevator constructed by him at Hoxie for the defendant, The Farmers' Union Co-operative Association.

The liability of Porter for the price of the goods is not denied; but this appeal is based upon the disputed question of the liability of the association as Porter's guarantor.

The principal facts upon which the plaintiff seeks to fasten liability upon the defendant farmers' association are these:

In September, 1915, Porter, who had a contract with his co-defendant to erect an elevator for the latter, ordered the machinery from plaintiff.   Plaintiff declined to ship the machinery without some assurance from the association that payment would be forthcoming.

The minutes of the association's corporate record read:

"DIRECTORS MEETING, Oct. 2d, 1915.

"The Secretary is hereby instructed to write the Great Western Manufacturing Company, Kansas City, Missouri, that the Company or Association will guarantee the payment of machinery going into the elevator now under construction by G. A. Porter, under contract."

The plaintiff received a letter from the secretary of the association which reads:

"HOXIE, KANS., Oct. 11, 1915.

"*Great Western Mfg. Co., K. C., Mo.:*

"GENTLEMEN—I have been directed by the Hoxie Farmers Union Co-op. Ass. Board of Directors to guarantee the payment of the $256.00 supplies for the elevator now under construction by G. A. Porter contractor.

"THE HOXIE FARMERS UNION CO-OPERATIVE ASSOCIATION,

"By JOHN W. SCHLICHER, *Secretary.*"

About two weeks thereafter the defendant drew and delivered to Porter the following check:

HOXIE, KANS., Oct. 27, 1915.   No. 83-558

"THE FIRST NATIONAL BANK    $260.00

"Pay to G. A. PORTER E C contract or order Two Hundred Sixty $00/100$ Dollars for Great Western Elevator Supplies.

"J. R. COOPER

Indorsed on back: "G. A. PORTER."              "*F. U. Treasurer.*"

Therefore the goods were shipped and delivered on November 6, 1915.

The defendant answered:

"That this defendant never at any time authorized any one to guarantee the payment of any sum to plaintiff herein; that this defendant never received any notice or claim from said plaintiff that plaintiff claimed to have any guarantee from this defendant, or that plaintiff had not been paid in full for all material that it had shipped to the said G. A. Porter, or claimed to have shipped, until long after this defendant had made settlement in full with the said G. A. Porter for all work and material furnished by the said G. A. Porter in the construction of the elevator for this defendant. That this defendant derived no benefit of any kind from any claim or arrangement of plaintiff."

The plaintiff replied:

"In case said guaranty set out in plaintiff's petition filed herein was executed by J. W. Schlicher, secretary of the Farmers Union Co-operative Association, without authority of the said Farmers Union Co-operative Association; said Farmers Union Co-operative Association has ratified said guaranty by failing to disaffirm same within a reasonable time after acquiring knowledge of said unauthorized act and by accept-

ing the benefits thereunder, and that said Farmers Union Co-operative Association is therefore estopped from denying said guaranty."

On these issues the cause was tried to a jury. The plaintiff's evidence tended to support the matters pleaded by it. The minutes of the directors' meeting, the letter written to plaintiff by the secretary of the association, and the company's check, payable to Porter, for plaintiff's supplies, were introduced. So, too, the by-laws of the association were in evidence. Two of these, in part, read:

"SEC. 5. Regular monthly meetings shall be held on the third Tuesday of each month. At the regular meeting of the board a thorough examination of the affairs of the company shall be made, and all officers shall submit full and complete statements at such meetings, showing all transactions since the previous meeting.

"SEC. 8. Quorum at Directors' Meeting. Three members of the board of directors shall constitute a quorum to do business at any meeting of the board. A less number may adjourn from day to day till a quorum can be secured."

On behalf of the defendant elevator association the oral evidence tended to show that there was no formal meeting of the directors on October 2, 1915. The president of the association, who was also one of the five directors, testified:

"That he was the president of the Hoxie Farmers Union Co-operative Association on October 2, 1915, and a director of said Union, and that he did n't attend any directors meeting on October 2, 1915, that he was aware of; that he had no recollection and that no knowledge came to him that a meeting was held on that day; that there were five directors of the company at that time, himself, Mr. Burr, Mr. Schlicher, Mr. Cooper and Mr. Wright; that at no time prior to October 2, 1915, or subsequent to that date or at any other time did he have knowledge of the board of directors making or instructing any one to guarantee the payment of any account of G. A. Porter; that the matter might have been talked of on the streets, but there was never any action taken by the board of directors, and the board of directors did not authorize any one to write the Great Western Manufacturing Company the letter dated October 11, 1915, guaranteeing the payment of $256.00 for supplies for the elevator under construction."

A second director, F. M. Burr, testified that he thought the directors had a meeting about October 2, but did not remember that the guaranty proposition had been mentioned. This witness admitted that the secretary of the company had told him about the guaranty "in the fall of 1915."

The third director, L. J. Wright, did not remember consent-

ing to the guaranty, but did recall that something was said
about it.

The fourth director, John Cooper, did not attend a directors'
meeting on October 2, but testified—

"Q. Did you have any conversation with Mr. Schlicher relative to this
matter? A. Well, we probably talked it over sometime when we might
have met."

The attorney for the defendant association testified that on
February 14, 1916, pursuant to authority of the association, he
had written to the plaintiff:

"The Union will pay your claim, if it has not been paid, but will ex-
pect you to help them prosecute Porter if necessary."

The verdict and judgment were for the defendant, and the
principal error urged is that these are contrary to the evidence.

It seems clear that the judgment cannot stand. The forget-
fulness of the directors touching the meeting of October 2 does
not prove the defense which the association set up—that it had
"never at any time authorized any one to guarantee the pay-
ment of any sum to plaintiff herein." The minutes of the cor-
poration clearly show that the guaranty was authorized on
October 2. The by-laws show that after that date regular
meetings of the directors were held, or should have been held,
on the third Tuesday of each month. Several months elapsed
before the liability of the association on its guaranty became
a disputed question. At these subsequent monthly meetings
there was ample opportunity to correct the minutes if they did
not speak the truth. The elements of both estoppel and ac-
quiescence intrude to bar the defense pleaded. Furthermore,
in communicating with the plaintiff the secretary was acting
within both the apparent and specific scope of his authority,
and his letter bound the defendant association when the plain-
tiff, by shipping the goods pursuant to the secretary's assur-
ance, accepted and acted on the guaranty. Written notice of ac-
ceptance was not necessary. (*Platter v. Green*, 26 Kan. 252;
and citations in note in 16 L. R. A., n. s., 355, *et seq.*)

Does this conclusion leave anything on which to base a new
trial, or should judgment be ordered? The defense of want of
authority on the part of the secretary to apprise the plaintiff
that the association would guarantee the payment failed. The
minutes of the corporation, standing unchallenged and uncor-
rected for several months, estop the defendant to deny the

guaranty. The check to Porter was intended to pay for plaintiff's supplies. The check says so. That Porter converted the proceeds of the check does not relieve the association nor satisfy plaintiff's claim. The attorney's letter, written with admitted authority, recognizes and concedes the liability; and the record shows that in no way can the defendant rightfully prevail; and since all the material facts are incontrovertibly established, a new trial would confer no favor on the defendant, but only prolong litigation over a liability which defendant·cannot escape, and judgment for plaintiff should be directed. (Civ. Code, § 581.)

Reversed with instructions to enter judgment for plaintiff.