No. 37,175

A. I. REEVES, *Appellant,* v. CECIL CHILD and DELLA CHILD, *Appellees.*

(194 P. 2d 919)

Opinion filed June 12, 1948.

*Clarence Paulsen,* of Concordia, argued the cause and was on the briefs for the appellant.

*Lee R. Stanford* and *Charles A. Walsh,* both of Concordia, argued the cause, and were on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to recover money and to foreclose a mechanic's lien. Judgment was entered for the plaintiff but for a less amount than he had asked. He filed a motion for judgment for a larger amount on the answer to a special question, notwithstanding the general verdict. The trial court overruled that motion. The plaintiff has appealed.

The plaintiff alleged he was employed by the defendants to furnish the material and labor to construct a dwelling house; that he constructed it and made such charges for labor and materials fur-

nished by him as were reasonable; within four months after the completion of the house he filed in the office of the district court a verified lien statement to establish his lien on the real estate in question for the payment of his fair charges for furnishing such labor and materials. An itemized statement of his account was filed in the office of the clerk of the court and was made a part of the petition by reference. The petition alleged there was owing plaintiff from the defendants $5,491.07, with interest; that all the interest of the defendants in the real estate in question was inferior to the lien of the plaintiff. Judgment was prayed for the above amount and that it be declared a lien and the property be sold to satisfy it.

The defendants denied the correctness of the mechanic's lien account and alleged that they had entered into an oral agreement with plaintiff, by the terms of which he agreed that the cost of the house to be built by him for defendants would not exceed the sum of $7,000, including plumbing, lighting and other fixtures. They then alleged this oral agreement was modified by adding to the contract a garage at a cost of $480, changes in the furnace at a cost of $230.59, insulation at an additional cost of materials of $113.83 and labor for installing of $24, making a total additional cost over and above the contract price of $848.42, so that for the construction of the improvements upon the property of defendants the plaintiff was entitled to the full sum of $7,848.42.

The answer then alleged that defendants had paid the plumbing bill amounting to $1,372.41, the electric wiring bill in the sum of $224.37; that they had paid plaintiff $3,000; that, therefore, there was a balance due plaintiff of $2,985.11; that they had tendered plaintiff the sum of $3,055.06, which they had been willing to pay him on his contract but he had refused to accept it; the offer was renewed in their answer. The prayer of the answer was that plaintiff be ordered to accept the above amount and that the lien on the real estate in question be canceled.

The reply was a general denial.

The case was submitted to a jury.

Witnesses testified for both the parties. The jury was duly instructed. There were no objections to the instructions. Among them was the following:

"In case you find for the defendants as above explained in these instructions, your verdict would be for the plaintiff in the sum of $2,975.11 and as much more, if any, as you find, by a preponderance of the evidence, the reasonable value of the labor and material furnished by the plaintiff in connection with

the changes and modifications asserted by the defendants, exceeded the sum of $848.42 alleged by them to represent such reasonable value."

The jury returned a general verdict for the plaintiff in the sum of $4,315.96. It answered several questions, only one of which is of interest to us here. That was as follows:

"1. Did the parties enter into an oral agreement under which the plaintiff agreed to construct the dwelling house for not to exceed $7,000.00, including plumbing, lighting and wiring therewith? A. No."

The plaintiff moved the court for judgment for the full amount prayed for on that answer notwithstanding the general verdict, which was for a less amount. The defendants filed a motion to set aside the answer to special questions and for a new trial. Defendants also filed a motion for judgment on the general verdict. All the motions were denied by the trial court except the defendants' motion for judgment on the general verdict. That was sustained. Judgment was entered accordingly and hence this appeal.

The plaintiff states the questions involved are:

"May a jury in a suit for an unliquidated sum bring in a verdict for a smaller amount than that shown by the undisputed evidence?

"May the court in a suit for an unliquidated sum render judgment for the amount shown by the undisputed evidence where the jury's findings establish the right to recover but finds the amount to be less than that shown by the undisputed evidence?"

It will be noted the action was to recover for labor and materials furnished by the plaintiff upon a *quantum meruit* basis. The plaintiff did not allege there was any contract to build a house for a specified sum. The defendant on the other hand alleged the plaintiff was to build the house for $7,000 plus the additional items mentioned, which made it $7,848.42. All parties agreed the $3,000 had been paid by defendants.

Plaintiff's argument really is that when the jury found against the defendant on their allegation there was a definite contract, there was nothing for it to do but return a verdict for the entire amount asked since there was no denial, according to plaintiff's theory, of the reasonableness of the charges. It should be noted in this connection the answer did contain a general denial, and a special denial of the correctness of the mechanic's lien.

The jury heard the evidence and found against defendants on the issue of whether there was a contract. That finding on disputed evidence settled the question.

With that question out of the way, the situation was one where

the defendants had contracted with the plaintiff to build the house with no limit as to the cost except the one made by the law that it must be reasonable. Two large items went into the building of this house—material and labor. Bills for material were furnished defendants. Defendants offered no testimony that the prices paid for material were unreasonable, neither did they dispute but that the material for which they were given the bills actually went into the construction of their house.

The other large item was labor. Plaintiff testified that in the construction of this house he paid carpenters $1.25 an hour; masons $1.75 an hour; day labor $1 an hour; and shopmen $1.25 an hour; that to this he added 25 cents an hour for his own work except that for the men who worked in the shop he charged 50 cents an hour and that when he was on the job for any length of time he charged defendants $1.50 an hour for his own time. He testified that this was the customary scale for such labor in that territory. On rebuttal he testified that his men worked a little less than 2,000 hours on this house. He did not testify, however, how many hours of each type of labor this included. No evidence was offered that any of these figures were not correct or were unreasonable.

Once the jury found the parties had not entered into a contract for a specified sum the issues were controlled in a large measure by instruction 5, to which there was no objection. That instruction is as follows:

"If you find that labor and material was furnished by the plaintiff, without any definite agreement as claimed by him, and that the defendants had knowledge thereof and accepted the building and the benefits thereof, then you are instructed that the law implies a promise on their part to pay the plaintiff the reasonable value thereof when so furnished. In any event the plaintiff cannot recover to exceed the sum of $5,491.07 claimed by him as the unpaid balance due him. All of the above must be found by a preponderance of the evidence."

What the argument of plaintiff amounts to is that there was no evidence but his as to the amount of material and labor furnished and the reasonableness of the price thereof, hence there was no evidence to support any verdict of the jury for other than the amount for which he sued.

At the close of the statement of the evidence in the abstract plaintiff in conformity with our rules has furnished a statement entitled "Statement of What Does Not Appear in Evidence." It is as follows:

"The evidence does not show or tend to show that any item in the plaintiff's detailed statement of account was wrong. The evidence does not show or tend to show that the plaintiff's statement of account contained any item for labor performed or for materials furnished for which the plaintiff had not actually performed labor or furnished material. The evidence does not show or tend to show that any item in the plaintiff's statement of account was for an unreasonable amount or for an amount not customary at that time and place. No evidence was introduced tending to show that plaintiff's account was wrong or unreasonable, the entire defense evidence being that the plaintiff had contracted to build the house for a certain amount and hence that quantum meruit did not apply. The plaintiff's evidence that he furnished the labor and materials set out in his account, and that his charges therefor were reasonable and customary, was uncontradicted."

The defendants do not dispute the correctness of this.

Defendants depend and in a large measure rely on what we said in *Underhill v. Motes,* 160 Kan. 679, 165 P. 2d 218, and analogous cases. In that case we were considering the action of the trial court in setting aside answers to special questions. The plaintiff in that action had the burden of proving that certain cattle were killed by eating grass upon which defendant had placed grasshopper poison. In answer to the question of what caused the death of plaintiff's cows the jury answered "Unknown." We said:

"Appellees, however, insist there was ample evidence the cows died of grasshopper poisoning and no evidence that they died from any other cause. Appellees overlook the fact that while a jury is obliged to consider all evidence it is not required to believe and accept as true the evidence of a witness, or witnesses, merely because there is no direct evidence to contradict the same."

We have no quarrel with that rule. There is another rule, however, to the effect that we will not permit a jury to act in an arbitrary or capricious manner. We considered such a question in *Gibbs v. Central Surety & Ins. Corp.,* 163 Kan. 252, 181 P. 2d 498. There we held:

"Ordinarily the trier of the fact is not required to believe the testimony of any witness merely because there is no direct testimony to controvert it, but where plaintiff produces two witnesses who testify on every material element of plaintiff's cause of action, and such testimony is not inherently improbable or uncandid, and the cross examination does not develop any conflict, and the defendant produces no testimony in opposition, the trier of the fact is not justified in arbitrarily or capriciously disregarding such testimony."

(See, also, *In re Estate of Wert,* 165 Kan. 49, 193 P. 2d 253.

There is an exhaustive discussion of the authorities in that opin-

ion. The rule announced is in point here. After the issue of whether there had been a contract for a specific amount was settled in favor of the plaintiff the only question in the case was the reasonableness of plaintiff's charges. No dispute as to the cost of material is even mentioned. That leaves only the reasonableness of the charges for labor. The plaintiff was candid as to those charges. The cross-examination on that was casual. No real effort was made to impeach the credibility of the plaintiff in that respect. He testified that about 2,000 hours of labor went into the house. He did not break this down into any figures as to how many of these hours were carpenter's hours, how many were mason's hours and so forth. He was not asked how many of these were his own hours at $1.50 an hour. Had he been interrogated along these lines there might have been some foundation for the jury reaching a conclusion that the aggregate figure was too high. He and another witness testified as to the reasonableness of these charges for labor. No evidence whatever was offered by defendants that these charges were unreasonable. Had they offered even a scintilla of evidence that these charges per hour were unreasonable the jury would have had something to weigh, to justify a verdict for a somewhat lesser sum than was prayed for. There was no such evidence offered, however. Defendants state the facts depended upon for recovery were all testified to by the plaintiff, the interested party, and it was not shown that his surcharge of 25 cents an hour per man while working on the house and 50 cents while working in the shop were customary, reasonable or proper. The latter statement is not quite correct. He did testify that the above two figures were what he charged on similar jobs in that community. There again he was not cross-examined on that point. Neither was any evidence offered by defendants that these surcharges were not customary, reasonable or proper. Any conclusion by the jury that these charges were not reasonable must have been based on conjecture. In other words, the jury must have concluded with nothing to base it on that the plaintiff had charged too much and his claim should be reduced. Such a verdict is arbitrary and capricious. Defendants point out the evidence as to the contract to build the house for $7,000 and that it established that even if plaintiff did not contract to build the house for that amount he led defendants to think the cost would be about that. Defendants argue the jury had a right to consider this circumstance in concluding to bring in a verdict for a lesser amount than that sued for. The fact is, the uncontradicted evidence

was that had the house been built as at first planned it would have cost about $7,000. This bit of evidence and the argument based thereon persuades us to the conclusion that what really actuated the jury to reach the verdict it did reach was a feeling of sympathy for the defendants not based upon any substantial evidence whatever. Such verdicts will not support a judgment.

The plaintiff filed his motion for judgment for the full amount. Defendants filed a motion to set aside the findings of fact and for a new trial and in the alternative for judgment on the general verdict. The plaintiff appealed and his specifications of error are that the trial court erred in overruling his motion for judgment for the full amount of the claim notwithstanding the general verdict and in rendering judgment according to the general verdict. There is no motion for a new trial here. This case is a proper one in which to invoke G. S. 1935, 60-3317 and 60-3330. (See *Kansas Wheat Growers Assn. v. Smith,* 127 Kan. 267, 273 Pac. 437.) In the opinion we said:

"Where the jury has by its verdict positively failed to accept the theory of the defendant that there was no liability under a certain contract, and the undisputed evidence shows a definite amount of liability, if any exists, a new trial will be avoided under R. S. 60-3317 and 60-3330 by directing that a judgment be rendered for the definite amount shown by the evidence to be due . . ." (Syl. ¶ 2.)

In *Manufacturing Co. v. Porter,* 103 Kan. 84, 172 Pac. 1018, we said:

"Where all the controlling facts to determine a liability are established, and the defense to the liability wholly fails, a new trial is unnecessary, and final judgment on the liability should be ordered." (Syl. ¶ 3.)

Actually the only substantial defense presented here was that of the contract to build the house for a definite amount. No error is urged in the determining of that issue. The defendants were afforded ample opportunity to present any defense they might have to the claim of plaintiff on a *quantum meruit* basis. They failed to offer any evidence to dispute the claim of the plaintiff.

The judgment of the trial court is reversed with directions to enter judgment for plaintiff for the full amount for which he brought suit or $5,491.07, with interest at six percent per annum from February 5, 1947.

COWAN, J., not participating.