No. 39,978

L. F. Peterson, *Appellant*, v. R. O. Wilson and Reba Wilson, *Appellees*.

(303 P. 2d 129)

Opinion filed November 3, 1956.

*John F. O'Brien* and *Paul Lackie*, both of Independence, were on the brief for the appellant.

*Jay W. Scovel* and *Thomas R. Scovel*, both of Independence, argued the cause, and were on the brief for the appellees.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover damages for the breach of an agreement leasing restaurant equipment. As the result of a trial by jury, a verdict was returned and judgment rendered for a sum less than plaintiff contends he was entitled and he appeals.

In view of the specifications of error later mentioned, extensive review of the pleadings is not necessary.

In his petition plaintiff alleged three causes of action. The substance of the first cause was that on December 26, 1952, he leased certain restaurant equipment to the defendants under a written agreement a copy of which was attached to the petition; that defendants entered into possession of the equipment and operated a restaurant until July, 1953, when they abandoned the business; that defendants paid him rentals due under the lease agreement to and including May 26, 1953, and had since failed to pay for succeeding months; that the lease agreement provided defendants could not sublet or assign the lease but that defendants put one Sherwood in possession without plaintiff's knowledge or consent; and by failing to pay rent, putting Sherwood into possession and abandoning the premises, defendants breached the lease agreement and plaintiff was damaged in the following manner: that despite the breach by

defendants he exercised his best efforts to mitigate the damages and attempted to relet the property and finally on September 10, 1953, leased the property under oral lease for $50.00 per month to Sherwood who paid rent to December 26, 1953, in the sum of $175.00; that from the latter date to May 28, 1954, he was unable to rent the property, when he leased the property to Sherwood under written lease at $50.00 per month; that from December 26, 1953, to May 26, 1954, there was due to him from defendants the sum of $1,700.00 and he had received $775.00 and there was due for that period the sum of $925.00; that he would have been entitled to receive under defendants' lease for the period beginning May 29, 1954, to the end of the agreement the sum of $3,300.00; that the highest rent obtainable was $50.00 per month and he had been damaged in the sum of $1,650.00. He prayed for judgment for $2,575.00

In his second cause of action plaintiff sought damages to his restaurant equipment. In his brief plaintiff states the jury decided against him; that he concedes the evidence on this cause was conflicting, and he abandons any claim thereon.

In his third cause of action plaintiff alleges the equipment was located in a building rented from one Kelly at $75.00 per month, and after defendants abandoned the property, he had to pay Kelly rent from December 26, 1953, to May 28, 1954, in the sum of $375.00 for which sum he prayed judgment against the defendants.

The lease from plaintiff to defendants was for a period of five years from December 26, 1952, at $100.00 per month or a total of $6,000.00 and contained a provision that plaintiff was in the business of furnishing coin operated music and marble devices and that during the term defendants would use machines provided by plaintiff; that defendants would take good care of the fixtures and return them in good order, reasonable wear and tear excepted, keep the premises clean and sanitary, would not, without written consent of plaintiff, assign the lease or sublet the equipment, and other provisions not necessary to note.

The answer will be summarized and no attention given to certain alleged defenses eliminated by the trial court's instructions to the jury, of which no complaint was made. The answer admitted execution of the lease and denied generally. One allegation is that on July 1, 1953, defendants through their attorney notified plaintiff as to the claimed condition of the leased equipment, removal of coin boxes and other matters, and that if the matters were not

remedied defendants would accept plaintiff's conduct as a breach of the lease agreement, and pursuant thereto one Sherwood and defendants discussed his taking over the restaurant for a three months' period assuming defendants' obligations under the lease and paying rent on the building and at the end of the period either surrender possession to defendants or assume the balance of the term and the obligations thereof and that the arrangement was discussed by defendants with plaintiff, who stated Sherwood was more acceptable to him than defendants; that Sherwood took possession and has never returned it. Defendants prayed plaintiff take nothing under the cause of action. Defendants' answer to the third cause of action included a general demurrer and a denial of liability, and they prayed judgment for costs.

Plaintiff's reply was a general denial.

On February 21, 1955, a trial was had by a jury which returned a verdict which fixed plaintiff's recovery against defendants on the first cause of action at $250.00, allowed nothing on the second cause of action, and fixed plaintiff's recovery against defendants on the third cause of action at $187.50.

Plaintiff filed his motion that the trial court correct the verdict "to conform to the undisputed evidence" in the sum of $2,575.00 on his first cause of action and in the sum of $375.00 on his third cause of action, and his motion for a new trial on the sole ground the verdict was in part contrary to the evidence. The trial court heard these motions on March 5, 1955, and took the same under advisement and on March 12, 1955, it overruled both motions, approved the verdicts and entered a judgment for the sum of $437.50 and costs. On May 10, 1956, plaintiff served notice of appeal from the order and judgment of March 12, 1955, whereby it was "decided, adjudged and ordered" that the motion to correct the verdict and the motion for a new trial were overruled. There was no appeal from the judgment insofar as the money award is concerned. His specifications of error are in accord. Technically, there being no appeal from the final judgment, the only question open to review is the ruling on the motion for a new trial. However, we find some difficulty in separating the two propositions and will discuss both.

In a preliminary way it may be stated that appellant's argument is predicated on his repeated statement that the evidence is undisputed, a matter later treated. No objection was made by any parties to the trial court's instructions to the jury and that they adequately and correctly advised the jury as to the theory of plaintiff's

case and his measure of recovery is not now open to dispute. As to the defense the court advised the jury that if at a later date (after the lease was made) plaintiff agreed to substitute another party in place of the defendants and to relieve them of all responsibility under the lease contract, and that if plaintiff did agree to the substitution and did *orally* relieve defendants of any responsibility under the written agreement, it would be a good defense to the damages claimed for loss of rental "even though not in writing as required by the contract"; that the burden of proving the oral agreement was on the defendants and in order for plaintiff to recover it was not necessary that he establish he did not orally agree, rather it devolved upon the defendants to prove by the fair weight and preponderance of the evidence that the plaintiff did so orally agree.

Extensive review of the evidence is not necessary. Difficulties between the parties as to repairs and as to defendants being unable to have them made because of unpaid repair bills due from the plaintiff, as to removal by plaintiff of boxes necessary to the operation of coin machines, failure of plaintiff to pay taxes on the equipment and threats of levy by the sheriff and some similar matters need not be reviewed. Under date of July 1, 1953, defendants' attorney advised plaintiff of the above difficulties and that if not remedied, the plaintiff's refusal would be considered as a breach. The above is background for what follows. Defendants had negotiations with one Sherwood to take over and operate for a three-month period and then Sherwood was either to return possession or be substituted for defendants and assume the lease. The defendant Mrs. Wilson testified that she informed Peterson of the agreement and Peterson said it was all right with him because he could get along with Sherwood but could not get along with her. She further testified that Sherwood never offered to return possession. Evidence of the plaintiff denying Mrs. Wilson's testimony and putting a different version of what took place need not be reviewed. Appellants' contention there was no dispute in the evidence cannot be sustained.

We need not dwell upon appellant's argument with respect thereto for there is no question but that the law applicable here is that surrender of leased premises by a tenant must be with consent of the landlord to relieve the tenant from the rent specified in the lease (*e. g., Hoke v. Williamson,* 98 Kan. 580, 158 Pac. 1115),

or that where a tenant surrenders his lease without consent of the landlord the measure of damages is the difference between the contract price for the remainder of the term and the amount for which the landlord is reasonably able to relet the premises to a third party (*e. g., Wilson v. National Refining Co.,* 126 Kan. 139, 266 Pac. 941). The trial court so instructed the jury.

In discussing the questions to be submitted to the jury, appellant emphasizes that the jury was told it should assess the damages in accordance with the rules given, and the inference is left that under the instructions to the jury, plaintiff must recover in full or not at all. Actually the instructions with respect to both the first and third causes were that certain facts being found the verdict should be in such sum, not exceeding the pleaded amount, as it found was the loss to the plaintiff. Directing attention to the rule that by a general verdict every controverted fact and every inference therefrom favorable to the prevailing party is resolved in his favor by the general verdict (*Fisher v. Central Surety & Ins. Corp.,* 149 Kan. 38, 86 P. 2d 583), appellant argues that because he recovered a verdict on the first and third causes of action the jury rejected defendants' defense that he had accepted surrender of the lease and that if there was no surrender, he is entitled to recover the full amount for which he sued, and that under *Reeves v. Child,* 165 Kan. 341, 194 P. 2d 919, this court should direct judgment in his favor for full amount. See also *Manufacturing Co. v. Porter,* 103 Kan. 84, 172 Pac. 1018. In *Reeves v. Child,* defendant had offered no contradicting testimony. Appellant candidly recognizes that the rule for which he contends has no application where there is evidence as to the amount of liability, but he contends that there was no evidence that he was not entitled to his entire claim, if he was entitled to anything. By its instruction No. 14 the trial court advised the jury that if it found from a preponderance of the evidence that any conduct, acts, failures or omissions of the plaintiff, contrary to his obligations under the lease, made it impossible for the defendants to perform their obligations, then a termination of the contract would be justified and they should have judgment, but if they did not so find, the verdict should be otherwise. We shall not detail the evidence bearing on conduct of the plaintiff which defendants claimed justified termination of the contract and the disputing testimony for we have no means of know-

ing what portions of the evidence the jury elected to believe, and we have now no situation to apply the rule contended for by appellees that a party to a contract cannot prevent enforcement of a contract by another and derive a benefit or escape liability from his own failure to perform a necessary condition to its fulfillment. (*Talbott v. Nibert*, 167 Kan. 138, 206 P. 2d 131, and cases cited.)

There was, however, dispute in the evidence as to when appellant accepted Sherwood in lieu of appellees as his tenant. Under the lease the rent was not payable until the end of the current month and it had been paid up to May 26, 1953. If the substitution of tenants occurred in July, 1953, as some evidence indicated, only one month's rent was in arrears. If the substitution of tenants occurred on September 10, 1953, as other testimony indicated, then substantially two and one-half months of rent was due or had accrued. This figure applied to the monthly rate of $100 resulted in the sum of $250, or the amount of the verdict on the first cause of action. The same process of reasoning may be applied to the verdict on the third cause of action. In any view of the case, there was some amount of rent due to the plaintiff from the defendants whether or not a substitution had been made and regardless of its date, and under the circumstances we cannot interpret the verdict, as appellant does, as one finding there had been no substitution with his consent and therefore he was entitled to greater amounts than fixed in the verdict and adjudged by the trial court.

Our consideration of the record leads to the conclusion that the trial court did not err in denying plaintiff's motion for an order correcting the verdict or his motion for a new trial. The result is that those rulings, and the judgment resulting, must be affirmed and it is so ordered.